UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America, *ex rel.* Teresa Ross,<br><br>    Plaintiffs,<br><br>    v.<br><br>Group Health Cooperative, et al.,<br><br>    Defendants. | Civil Action No. **12-CV-0299 (WMS)** |

**RELATOR'S OPPOSITION
TO DEFENDANT KAISER FOUNDATION HEALTH PLAN OF WASHINGTON'S
MOTION FOR LEAVE TO CONDUCT DISCOVERY**

Kaiser has filed a premature motion for leave to take unnecessary and legally irrelevant discovery in support of an opposition to a fee petition that has not even been filed. Kaiser's request should be denied.

**I.  INTRODUCTION AND BACKGROUND**

Kaiser Foundation Health Plan of Washington, the successor in interest to Defendant Group Health Cooperative (collectively referred to herein as "Kaiser"), seeks unnecessarily early discovery to do two impermissible things: First, Kaiser wants a needless preview of *qui tam* Plaintiff/Relator Teresa Ross's billing records in advance of Relator's *potential* petition for statutorily-mandated fees and expenses under 31 U.S.C. § 3730(d), which would attach those records. Second, Kaiser wants discovery in support of an argument for apportionment of fees (among claims and defendants) that, as a matter of law, cannot be apportioned. And that requested discovery is, in any event, irrelevant to the arguments Kaiser seeks to present.

1

Courts rarely permit discovery for fee petitions, and the particular type of fee discovery that Kaiser seeks—discovery that would allow Kaiser to rummage through records of time for which Relator *is not seeking* reimbursement from Kaiser—is unheard of. The Court accordingly should deny Kaiser's motion.

In November 2020, Kaiser entered into a settlement with the United States (the "Government") encompassing all of Relator's claims against Kaiser. Doc. 125-1. The "covered conduct release" that the Government gave in exchange for Kaiser's payment of $6.375 million includes all of the conduct that Relator alleged against Kaiser, and the settlement does not allocate that payment among Relator's different claims.[1] *Id.*, Recitals G, H, ¶¶ 1-2. Thus, contrary to Kaiser's argument, the settlement was a successful resolution of *all* of Relator's claims, not merely some of them.

Under the False Claims Act (the "FCA"), if the Government or Relator settles Relator's claims, the Relator "shall … receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs" from the defendant. 31 U.S.C §§ 3730(d)(1), (2). Because the Government settled all of Relator's claims, Relator is entitled to an award of reasonable fees, costs, and expenses on those claims.

Kaiser and Relator will mediate Relator's claim for fees, costs, and expenses under the Western District of New York's ADR Plan. Doc. 130. If that mediation fails to resolve the dispute, Relator will move for an award of fees, costs, and expenses. As Kaiser points out in its motion, Relator must support that petition "by contemporaneous time records, affidavits, and other materials." Mot. at 3. Relator accordingly intends to append to her petition billing records

---

[1] Kaiser argues incorrectly, and irrelevantly, that the settlement was $3.188 million, ignoring the actual amount it paid the Government, which was twice that amount. Mot. at 4; Doc. 121.

2

that detail all of the attorney time for which she seeks reimbursement, subject to redactions only to prevent the disclosure of work product.[2]  These records identify the tasks Relator's lawyers performed, the dates on which those tasks were performed, and the amount of time spent on those tasks—information sufficient to enable the Court (and Kaiser) to determine whether those tasks were reasonably performed in furtherance of Relator's claims against Kaiser.

Kaiser, however, erroneously believes that it is entitled to additional, legally irrelevant information—and that it should be entitled to it before there is even a fee petition before the Court.  Kaiser seeks Relator's billing records relating to claims for which Relator *will not* seek reimbursement from Kaiser, and all of Relator's counsel's work-product communications with its co-party, the United States (through responsible Department of Justice attorneys), relating to "the assignment, performance, or allocation of work responsibility" in the litigation.  Voldman Decl., Ex. 1.  According to Kaiser, it seeks these records because it wants to use them to argue that the work Relator's counsel did in furtherance of her claims against Kaiser should be "allocated" among defendants or among claims that Kaiser wrongly claims were not settled, a legally unsupportable position.  Mot. at 4.

## II. THERE IS NO GOOD CAUSE FOR THE PREMATURE AND IRRELEVANT DISCOVERY THAT KAISER SEEKS

Kaiser seeks discovery to support an opposition to Relator's petition for an award of mandatory fees, costs, and expenses.  But no such petition has been filed.  Indeed, if the mediation is successful, no petition will be filed.

---

[2] Because this litigation is continuing against defendants Independent Health Corporation, Independent Health Association, DxID LLC, Betsy Gaffney, and John Haughton, and because disclosure to those defendants of Relator's billing records would confer upon them unfair insight into Relator's and the Government's legal theories and strategy, Relator anticipates seeking an order sealing her billing records and limiting disclosure of them to the Court and the settling defendant.

3

Even should a fee petition be filed, a fee dispute "should not result in a second major litigation." *Fox v. Vice*, 563 U.S. 826, 838 (2011), *quoting Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). As a result, "unlimited adversarial discovery is not a necessary—or even a usual—concomitant of fee disputes." *In re San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 303 (1st Cir. 1995); *see also In re Genetically Modified Rice Litigation*, 764 F.3d 864, 872 (8th Cir. 2014) ("discovery in connection with fee motions is rarely permitted"); *Marks Const. Co. v. Huntington Nat'l. Bank*, 2010 WL 1836785, at *5 (N.D.W.Va. May 5, 2010) ("post judgment discovery as to fee issues is rare"); *Whispell Foreign Cars, Inc. v. United States*, 2016 WL 6875972, at *2 ("The court agrees with the Advisory committee that discovery related to a Rule 54(d) motion [for attorneys' fees] should be rare," citing Fed. R. Civ. Proc. 54(d)(2) Advisory Committee Note to 1993 Amendment). Kaiser has shown no good cause to rebut the presumption against fee discovery. Instead, it has made a request that is both premature and for legally irrelevant materials.

    A.    **<u>Kaiser's Request for Leave to Open Discovery Is Premature</u>**

Kaiser has moved for leave to take discovery before it is necessary. There is no reason currently to believe that discovery will aid the parties or the Court in the resolution of any fee dispute.

If the forthcoming mediation is successful, there will be no petition and no need for discovery. If Relator does file a fee petition, she will support it with billing records and other evidence sufficient to establish that the attorney time and expenses for which she seeks recovery were reasonably incurred in the prosecution of her settled claims against GHC. If she does so, Relator will have satisfied her burden, as well as Kaiser's demands, and discovery will be unnecessary.

Only if the mediation were unsuccessful *and* Relator failed to support her subsequent fee petition would Kaiser have a reason for discovery, or to argue that Relator has failed to meet her burden of establishing her statutory right to the fees and expenses claimed. Kaiser has no basis now to argue that it will need discovery to evaluate the detailed fee and expense records that Relator will submit with her petition. At a minimum, Kaiser should wait until Relator's petition is filed to determine whether there are any issues that truly require discovery, and thus whether this case is among the rare instances where the Court should not adhere to the general presumption against fee discovery.[3]

### B.     Kaiser's Requested Discovery Is Legally Irrelevant

In addition, the discovery that Kaiser seeks is irrelevant as a matter of law. The only relevant materials it seeks are those that it already will receive if Relator files a petition for fees.

Relator will seek recovery of fees and expenses incurred in the prosecution of the claims against Kaiser that were released in Kaiser's settlement agreement with the United States, and she will support her petition with billing records detailing these fees and expenses. Discovery of those billing records accordingly is unnecessary. Kaiser, however, also seeks Relator's counsel's billing records relating to time for which Relator *will not* seek recovery from Kaiser. That is plainly irrelevant. Kaiser cannot change that by arguing that it needs those records for a legally

---

[3] The parties' briefs on the fee motion may raise issues that warrant some limited discovery, albeit not the wide-ranging and irrelevant discovery that Kaiser seeks. For example, if Kaiser argues that Relator's counsel's rates are unreasonable, discovery of the billing rates that Kaiser paid its attorneys might be warranted to demonstrate that Relator's counsel's rates are reasonable for a case of this complexity and importance. *See*, *e.g.*, *Mendez v. Radec Corp.*, 818 F. Supp. 2d 667, 668 (W.D.N.Y. 2011) (reopening discovery to permit request for defense attorneys' rates and fees, because "[w]here the opposing party challenges the reasonableness of the rate or hours charged by the moving party's counsel, courts are more likely to find that evidence of the nonmoving party's counsel's fees are relevant and discoverable"). But there is no need to take discovery concerning such matters until the issues are joined by the parties' briefs.

unsupportable bid to apportion Relator's fees among Relator's different claims (which were all settled) and among Relator's claims against non-settling defendants (to whom none can be apportioned).[4]  Mot. at 4.

Kaiser's argument that it can apportion Relator's fees among the different claims against Kaiser fails on two grounds.  First, discovery cannot yield any information that Kaiser will not already receive as part of any fee petition Relator files.  Relator's petition will attach detailed billing records relating to all of Relator's claims against Kaiser, giving Kaiser the information it needs to assert its claim-apportionment argument.  Discovery relating to this issue therefore is unnecessary.

Second, any apportionment among Relator's different claims against Kaiser would be meaningless.  As described above, Kaiser and the United States settled *all* of Relator's claims against Kaiser.  Relator is thus entitled to all fees, costs, and expenses reasonably incurred in the prosecution of all of her claims.  31 U.S.C §§ 3730(d)(1), (2).  The Court need not reach this issue in resolving this motion, however, because Relator's fee petition will attach all necessary information for Kaiser to raise this doomed argument.

The discovery Kaiser seeks to attempt to apportion Relator's fees among defendants is similarly legally irrelevant.  Where, as here, a relator sues multiple defendants for common conduct resulting in an indivisible injury, "courts have unanimously concluded that fee liability under the FCA is joint and several."  *Miller v. Holzmann*, 575 F. Supp. 2d 2, 27 (D.D.C. 2008) (citations omitted), *amended in part, vacated in irrelevant part sub nom. United States ex rel.*

---

[4] Kaiser also intends to seek all of Relator's counsel's work-product communications with the Government concerning "the assignment, performance, or allocation of work responsibility" in the litigation.  Ex. 1 to Voldman Decl.  Its motion contains no explanation for why it seeks those records, which do not appear to relate to any allocation or apportionment argument.

*Miller v. Bill Harbert Int'l Const., Inc.*, 786 F. Supp. 2d 110 (D.D.C. 2011) (imposing joint and several liability for fees incurred in litigating indivisible FCA claims against multiple defendants).  Any petition that Relator files will contain billing records sufficient to establish that each task performed was reasonably undertaken in pursuit of Relator's claims against Kaiser.  Once Relator has established that fact, Kaiser's liability is joint and several, and Relator's counsel's fees cannot be apportioned.  *United States ex rel. Singh v. Bradford Reg'l Med. Ctr.*, 2013 WL 5467107, at *3 (W.D. Pa. Sept. 30, 2013) (rejecting argument that court can apportion fee liability among both settling and non-settling defendants).  The discovery Kaiser seeks concerning the amount of fees Relator incurred exclusively against non-settling defendants—and for which Relator does not seek recovery from Kaiser—therefore has no bearing on the amount of fees that Relator is statutorily entitled to recover from Kaiser.

  In sum, Kaiser simply has shown no cause, much less good cause, for this Court to depart from the presumption against discovery relating to fee motions.  Relator respectfully requests that the Court deny Kaiser's motion for fee discovery.

Respectfully Submitted,

December 14, 2020

CONSTANTINE CANNON LLP

By: /s/ *Michael J. Ronickher*
Michael J. Ronickher
Max Voldman
1001 Pennsylvania Ave. NW
Suite 1300N
Washington, DC 20004
202.204.4523

PHILLIPS & COHEN LLP

By: /s/ *Emily Stabile*
Emily Stabile
100 the Embarcadero
Suite 300
San Francisco, CA
415.836.9000

Attorneys for Relator
Teresa Ross