# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF NEW YORK

United States of America, *ex rel.*
Teresa Ross,

Plaintiffs,

v.                                          Civil Action No. **12-CV-0299 (WMS)**

Independent Health Association, et al.,

Defendants.

---

**DECLARATION OF STEPHEN HASEGAWA IN SUPPORT OF RELATOR'S REPLY BRIEF RE MOTION FOR PAYMENT OF ATTORNEYS' FEES (DKT. 191)**

---

## DECLARATION OF STEPHEN HASEGAWA

I, Stephen Hasegawa, hereby declare and state as follows:

1.      I am an attorney licensed to practice law in California. I have been a
partner at Phillips & Cohen (P&C) since 2010, and have served as the firm's General
Counsel since approximately 2011. I, and P&C (along with other firms), represent *qui
tam* Plaintiff/Relator Teresa Ross ("Relator") in this action. I am the P&C partner
presently responsible for P&C's representation of Relator.

2.      I submit this Declaration in support of Relator's Reply Memorandum in
Support of Motion for Payment of Attorneys' Fees and Costs, which seeks an award of
fees, expenses, and costs, net of fees, expenses and costs that have already been paid by
another defendant who entered into a settlement several years ago. The facts stated in this
Declaration are based upon my personal knowledge and review of relevant documents.

3.      In Relator's opening brief and in my declaration in support thereof, we
demonstrated that, as of 2012 (when Relator was retaining counsel to represent her in this
case), "*every* successful *qui tam* FCA recovery in this District appears to have resulted
from cases filed by P&C." Dkt. 191-1 at 14. Defendants dispute this, citing a single pre-
2012 case. Dkt. 201 at 11-12, *citing United States ex rel. Ellis v. Sheikh*, 583 F.Supp. 2d
434, 438 (W.D.N.Y. 2008). That case does not contradict the statement in our brief.
Indeed, it does not demonstrate any recovery at all, because the case was dismissed with
prejudice without reference to any settlement or recovery by the United States or the *qui
tam* plaintiff. Attached hereto as Exhibit F is a copy of the stipulation of dismissal in that

case. Thus, the statement in our opening brief remains unrebutted: as of 2012, when Relator retained counsel for this case, "*every* successful *qui tam* FCA recovery in this District appears to have resulted from cases filed by P&C."

4.      Defendants assert that several entries in Realtor's Counsel' spreadsheets, identified at pages 24-25 of their brief, are impermissibly "vague." For the reasons set forth in our Reply Brief at pages 10-11, we disagree. However, I would like to call attention to one of those entries, a March 24, 2012 entry by Marie Jonas reading "Met with client." Dkt. 201 at 24. While that entry could have (and perhaps should have) been more descriptive, its lack of detail was harmless, because Mary Inman, another attorney in attendance at that meeting, provided an extremely detailed description of the meeting: "CF w/ Relator Teresa Ross, MEJ [Marie Jonas] & T.McC re: allegations for FCA case against GHC, DxID & IHC and individual defendants, review results of T.Ross' audit of DxID's chart review & compare with underlying medical records & discuss history of fraud & TR's background at GHC and professionally …." *See* Dkt. 191-2 (Jan. 23, 2025 Hasegawa Decl.) at 30 (page 2 of Exhibit C).

5.      In their Opposition Brief, Defendants identify a handful of billing entries that they describe as "inconsistent." Dkt. 201 at 27-28. Two of those are entries, both dated July 21, 2014, reflecting attorney Emily Stabile's "document review for witness binders"; one entry is for 8.1 hours and the other is for 7.5 hours. *Id.* at 28. One of those entries is clearly a result of the attorney making a typographical error when entering the date of her time entry. Ms. Stabile's billing entries show that she spent most of every weekday from July 11, 2014 through July 29, 2014 performing document review (most of

her entries explain that she was doing so in order to compile witness binders), with the exception of July 22, 2014, when Ms. Stabile has no time entries on this case. *See* Dkt. 191-2 (Jan. 23, 2025 Hasegawa Decl.) at 99-102 (pages 71-74 of Exhibit C). Clearly, one of the two entries dated July 21, 2014 should have been dated July 22, 2014.

6.     One of Defendants' declarants asserted that "[w]histleblower cases have become a desired area of practice among many commercial attorneys because the client generally provides the information and evidence sufficient to not only evaluate but also prove the claim." Dkt. 201-2, ¶ 27. In more than 25 years representing whistleblowers, including nearly 18 years exclusively representing whistleblowers at P&C, I have never had an FCA case that was proven entirely, or even principally, through evidence provided by the whistleblower. Successful FCA cases invariably require large-scale evidence-collection efforts, as the billing records in this case demonstrate. In fact, in nearly all cases, the whistleblower is in possession of less evidence at the outset of the case than one would expect from a corporate plaintiff in ordinary commercial litigation.

7.     Defendants' Opposition Brief asserts that Relator's counsel engaged in "problematic" block billing, defined by Defendants as "where large amounts of time (e.g., five hours or more) are block billed." Opp. at 25; *see also id.* at 26 (citing examples of block-billed entries of five hours or more). Attached as Exhibit G is a spreadsheet showing all of P&C's block-billed time entries of five hours or more. I compiled this exhibit by filtering P&C's time entries (reflected in Exhibit C to my January 23, 2025 declaration, Dkt. 191-2) for all entries that: (a) contained a semicolon, P&C's standard punctuation for separating between different tasks in a billing entry; and (b) included a

time duration equal to or greater than five hours. I then excluded from this list all of the entries from Mary Inman, an attorney whose uniform practice was to combine all tasks from a single day in one billing entry, but to include a parenthetical for each task identifying the exact amount of time (in tenth-of-an-hour increments) spent on that task, thus enabling a reviewer to understand exactly how much time was spent on each task.

8.    As reflected in Exhibit G, only 84 of P&C's time entries constitute what Defendants describe as "problematic" block billing. By hours, the total amount of P&C's purportedly "problematic" block-billed time is 583.85 hours, or approximately 17% of the hours that P&C billed. The vast majority of the purportedly "problematic" block-billed time was billed by associates (almost 79%, nearly all by attorneys with three or fewer years of experience) or paralegals (almost 15%), with less than 7% of that time, or fewer than 39 hours, billed by partners. Accordingly, if the Court were to apply a block-billing reduction to all of P&C's time entries (*i.e.*, "across-the-board"), rather than only to the P&C entries that were block-billed, it would result in an excessive reduction for two reasons: first, it would result in a reduction of hours for the majority of P&C's time entries that were *not* block-billed; and second, it would result in a reduction of hours billed by senior personnel, when the "problematic" block billing was almost entirely an issue confined to junior associates and paralegals.

9.    Attached as Exhibit H are relevant excerpts from Defendant Independent Health Association's Form 990 for the year 2023, filed with the Internal Revenue Service. I downloaded this document from the web site of ProPublica.org, an independent, nonprofit newsroom that produces investigative journalism, and that

maintains financial information concerning certain nonprofit organizations. Exhibit H is the most recent IH form currently available on ProPublica's web site. As reflected in Exhibit H, IH paid five different executives total compensation of more than $1 million each in 2023, including nearly $2.6 million to its CEO; more than 20 other executives received compensation ranging from several hundred thousand dollars to more than $800,000.

10.    Attached as Exhibit I are relevant excerpts from the 2024 Wolters Kluwer Real Rate Report, which compiles data "sourced from corporations' and law firms' e-billing and time management solutions" to provide information about law firm rates in various jurisdictions "derive[d] from the actual rates charged by law firm professionals as recorded on invoices submitted and approved for payment." *See*, *e.g.*, *Kohler v. Eddie Bauer LLC*, 792 F. App'x 446, 448 (9th Cir. 2019) (approving District Court's use of Real Rate Report and noting District Court cases doing so). The 2024 Real Rate Report lists third-quartile rates for Washington, D.C. partners as $1,250 per hour and third-quartile rates for Washington, D.C. associates as $874 per hour, both higher than P&C's current rates for partners and associates, as reflected in this fee application.

11.    P&C has continued to incur fees in litigating this motion. Since the cutoff for the fees included in the Opening Brief, P&C has incurred an additional 53.6 hours relating to this motion (exclusive of hours written off in P&C's billing judgment). Attached as Exhibit J is a report showing the additional billing entries incurred in this matter since that date, through April 2, 2025.

12.     Attached as Exhibits K, L, and M are spreadsheets summarizing the parties' disputes concerning claimed billing rates, for each of Relator's three law firms seeking fees (Phillips & Cohen, Constantine Cannon, and Whistleblower Partners). This declaration attaches .pdf versions of those spreadsheets, but we also will lodge with the Court electronic copies of the spreadsheets. We have prepared Exhibits K, L, and M so that the Court may enter, in the column entitled "Court-Adopted Rate" of the electronic version of each spreadsheet (Column K, highlighted in yellow) the rate the Court chooses for each timekeeper.

13.     The information contained in Exhibits K, L, and M is as follows:

a.     The columns entitled "Timekeeper," "Position," "Law School Graduation or Legal Position Start Date," and "Years of Experience at Time of Billing" show, from the exhibits to the Opening Brief and the supplemental time submitted herewith, the names, positions, and experience of timekeepers at the time that they billed time on this case.

b.     The column entitled "Plaintiff Proposal" (in a blue block) and "P&C Current Rate," "CC Sought Rate," or "WP Sought Rate" shows each firm's current or requested rate for each timekeeper, as set forth in the Opening Brief and supporting exhibits.

c.     The columns with a red bar at the top reading "IH Alleged Current and Historical Rates" show the various current and historical rates advocated in Defendants' Opposition Brief and supporting papers, with citations to the docket number and page or exhibit in which Defendants asserted those rates. Because

Defendants contend (and Relator disputes) that the Court should apply historical rates for time incurred prior to mid-2019 and current rates for time incurred after mid-2019, Defendants did not provide purported current rates for timekeepers who only billed time prior to mid-2019 or purported historical rates for timekeepers who only billed time after mid-2019.

d.     The column entitled "Court-Adopted Rate" is left blank. In the electronic version of the spreadsheet, the Court can enter the rates it adopts in that column (Column L) for each timekeeper. Those rates will then automatically transfer to the succeeding exhibit, which multiplies the number of hours permitted for each timekeeper by the rate the Court selects for that timekeeper.

14.     Attached as Exhibit N is a spreadsheet summarizing the parties' disputes concerning time billed.  This declaration attaches a .pdf version of that spreadsheet, but we also will lodge with the Court an electronic copy of the spreadsheet. We have prepared Exhibit N so that the Court may enter, in the column entitled "Challenged Hours Excluded by Court" of the electronic version of each spreadsheet (Column I, highlighted in yellow) the number of hours that the Court may decide to exclude for each timekeeper in each category challenged, as explained below. In the alternative, instead of excluding a particular number of hours in each category of challenged entries, Defendants have advocated that the Court apply an across-the-board reduction of time; we have left a box for the Court to enter such a reduction (Column H, Line 342, highlighted in yellow).

15.     Exhibit N contains the following information for each timekeeper (in alphabetical order within attorney and support-staff categories):

a.      Name, position and experience (including sub-categories if the timekeeper's position or level of experience changed over time, *e.g.*, associates who gained additional years of experience or who were promoted to partner).

b.      Number of hours billed by each timekeeper in total and in each subcategory (*e.g.*, as an associate with five years of experience; an associate with four years of experience, *etc.*). Exhibit N then subtracts, from each timekeeper's time, half of that timekeeper's challenged travel time, to conform to what Defendants argue is warranted.

c.      Number of hours in billing entries specifically challenged by Defendants as allegedly vague, problematically block-billed, excessive document review, of "overbilled/inconsistent," with a citation to the pages of Defendants' Opposition Brief and supporting documents identifying those particular entries.

d.      In the electronic version of Exhibit N, the column entitled "Challenged Hours Excluded by Court" contains blank boxes (Column I, highlighted in yellow) where the Court can enter the amount of time it chooses to ***disallow*** from those challenged entries. For example, Line 12 shows that one P&C fourth-year associate, Edward Arens, had 21.1 hours of entries that Defendants contend constitute "problematic" block billing (*i.e.*, block billing in an entry of five or more hours). If the Court believes that such block-billed entries should be subject to a 10% reduction, the Court can enter, in the yellow box on line 12 (cell I12), "2.11," which is 10% of Mr. Arens's 21.1 block-billed hours. That reduction would automatically be deducted from that timekeeper's allowed hours.

e. In the electronic version of Exhibit N, the columns shaded in pink will automatically populate based on the Court's entries in yellow boxes—the Court need not enter anything in them.

i. The column entitled "Hours Allowed by Court or Not Challenged" will deduct any hours the Court excludes in Column I from the timekeeper's submitted hours, leaving only the number of hours allowed. This only calculates deductions where Defendants have identified billing entries they challenge; where the entries are not challenged, the number in this column will equal the number of hours submitted.

ii. The column entitled "Court-Allowed Rate (from Exs. K-M)" will automatically fill in the applicable rate the Court selected on Exhibits K – M.

iii. The column entitled "Allowed Fee (Rate*Allowed Hours)" will automatically multiply the applicable rate the Court selected on Exhibits K – M by the hours allowed or not challenged.

16. In the alternative to resolving Defendants' specific challenges to billing entries, Defendants have advocated that the Court apply an across-the-board reduction in time. Relator believes that would result in unfair reductions in the recovery of time (for example, a reduction for block-billing should not apply to the substantial majority of time entries that were not block-billed; a reduction of time for excessive document review by junior associates should not apply to partners who did not engage in document review). Nonetheless, if the Court chooses to apply an across-the-board reduction rather than

addressing each of Defendants' challenges separately, it may do so by entering a reduction percentage in the electronic version of Exhibit N, Line 342 (cell H342, highlighted in yellow). I note, however, that if the Court chooses to reduce time across-the-board using this method, it should not double-count that reduction by also excluding hours relating to specific challenges.

17.    After entry of the Court's approved rates (in Exhibit K-M, as set forth above) and approved hours, Exhibit N will automatically calculate the total amount of fees allowed (Cell L342) and will automatically subtract the amount of fees already recovered as a result of the GHC settlement (Cell L344) to calculate the remaining amount of fees awarded by the Court (Cell L346).

Executed on April 4, 2025, at Oakland, California.

_____

Stephen Hasegawa

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA )
*EX. REL.* CYNTHIA ELLIS, )
                 )
           Plaintiff, )
                 )
v.                   )
                 )
ZIA SHEIKH, M.D., ZIA SHEIKH, M.D., )
P.C., SALAMANCA FAMILY HEALTH )
CENTER, )
       Defendants. )
_____ )

**STIPULATION OF
VOLUNTARY DISMISSAL
PURSUANT TO F.R.C.P.
41(a)(1)(A)(ii)**

Civil Action No. 05-CV-6146L(F)

     IT IS HEREBY STIPULATED AND AGREED by and between the parties and their respective undersigned counsel that the above-captioned action is voluntarily dismissed by plaintiff, Cynthia Ellis on the merits and with prejudice, and without costs, against the defendants, Zia Sheikh, M.D., Zia Sheikh, M.D., P.C. and Salamanca Family Health Center pursuant to the Federal Rules of Civil Procedure 41(a)(1)(A)(ii).

DATED:       August 18, 2009

**CHAMBERLAIN, D'AMANDA,
OPPENHEIMER & GREENFIELD, LLP**

 /s/Matthew J. Fusco         
 Matthew J. Fusco, Esq.
*Attorneys for Plaintiff*
Two State Street, Suite 1600
Rochester, New York 14614
Telephone: (585) 232.3730

**UNDERBERG & KESSLER LLP**

 /s/Thomas F. Knab         
 Thomas F. Knab, Esq.
*Attorneys for Defendants*
1900 Main Place Tower
Buffalo, New York 14202
Telephone: (716) 848.9000

# EXHIBIT G

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. G

| DATE | NAME | LAW SCHOOL GRAD OR P&C START YEAR | EXPERIENCE | POSITION | DESCRIPTION | HOURS | PHASE |
|---|---|---|---|---|---|---|---|
| 3/23/2012 | Jonas | 2011 | 1 | Associate | Read email from Molly about attachment research, drafted email to MAI; began drafting complaint | 8.2 | Phase 1 |
| 3/23/2012 | McCormack | 2001 | 11 | Associate | Travel to California for Relator meeting; review materials from Relator. | 12.6 | Phase 1 |
| 3/25/2012 | McCormack | 2001 | 11 | Associate | Review documents from Relator; return to DC. | 12.7 | Phase 1 |
| 3/26/2012 | Jonas | 2011 | 1 | Associate | Drafting complaint; reviewing medical records. | 8.7 | Phase 1 |
| 4/7/2012 | McCormack | 2001 | 11 | Associate | Research and edit draft complaint; review documents from Relator. | 8.8 | Phase 1 |
| 4/10/2012 | Jonas | 2011 | 1 | Associate | Drafting proposed order and applcation to keep complaint under seal; incorporating MAI and EHA changes into complaint; finalizing complaint exhibits; circulating documents to client | 5.1 | Phase 1 |
| 4/11/2012 | McCormack | 2001 | 11 | Associate | Review hot documents; revise complaint; prepare for filing. | 5.6 | Phase 1 |
| 4/17/2012 | Jonas | 2011 | 1 | Associate | Edited final disclosure statement; telephoned client (left message) regarding remaining questions; edited cover letters | 5.4 | Phase 2 |
| 5/1/2012 | Jonas | 2011 | 1 | Associate | Reviewing information on physician queries; reading coding guidance on chronic conditions. Client dinner discussing ongoing case developments - including doctor attestations; office conversations | 6.3 | Phase 2 |
| 5/25/2012 | Jonas | 2011 | 1 | Associate | Compiling materials for Relator interview next week: handouts, color-coded diagnosis chart; emailing client about handouts and review of materials | 5.2 | Phase 2 |
| 5/28/2012 | Arens | 2008 | 4 | Associate | Travel to Buffalo, NY for relator interview; CF with MAI, TPM, and MEJ re: case. | 8.0 | Phase 2 |
| 5/28/2012 | McCormack | 2001 | 11 | Associate | Travel to Buffalo; meet with Relator and team to prepare for meeting with Government. | 17.7 | Phase 2 |
| 5/29/2012 | McCormack | 2001 | 11 | Associate | Prepare for and participate in meeting with Government; follow up research to prepare for Tomorrow's meeting. | 13.4 | Phase 2 |
| 5/30/2012 | Arens | 2008 | 4 | Associate | Attended relator interview with government counsel; travel to Detroit, MI. | 8.0 | Phase 2 |
| 6/25/2012 | Arens | 2008 | 4 | Associate | Researched risk adjustment guidance re: letter to government; drafted revisions to letter to government. | 5.1 | Phase 3 |
| 6/27/2012 | Jonas | 2011 | 1 | Associate | Meeting with MAI and EHA to discuss TPM and MAI's meeting with the new DOJ attorney/Robert Trusiak; discussions with EHA re. questions for current employees; drafting questions | 6.1 | Phase 3 |
| 7/6/2012 | Jonas | 2011 | 1 | Associate | Compiling documents for government interviews of DxID employees; updating interview questions; working with Chris to obtain photos of each DxID employee; emailing MAI memo with information | 7.5 | Phase 3 |
| 7/20/2012 | Jonas | 2011 | 1 | Associate | List of questions for former employees of GHC and draft email attaching the information, updated supplemental disclosure; called Teresa re. 2 questions to prepare for core group meeting and wire tap on July 25 | 5.6 | Phase 3 |
| 7/25/2012 | Jonas | 2011 | 1 | Associate | Reviewing possible conflicts, (1) emailing with Julie re. case documents and status update for her and TPM's meeting with Trusiak's successor in Buffalo; (1) reviewing new articles on risk adjustment sent by MAI from Ellis, (1) updating amended complaint; (1) coordinating meeting with Peggy Glynn and Teresa to debrief Core Team meeting today (1) | 5.0 | Phase 3 |

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. G

| DATE | NAME | LAW SCHOOL GRAD OR P&C START YEAR | EXPERIENCE | POSITION | DESCRIPTION | HOURS | PHASE |
|---|---|---|---|---|---|---|---|
| 7/26/2012 | Jonas | 2011 | 1 | Associate | Follow up call to Teresa to try to schedule conference call; reviewing/editing draft amended complaint | 6.2 | Phase 3 |
| 8/1/2012 | Jonas | 2011 | 1 | Associate | prepare for call with client, call with Teresa, MAI re updates in case, questions, developments; updating previous emails/documents re former GHC employees and developments at GHC with new information from call. Updated/edited amended complaint | 6.7 | Phase 3 |
| 8/15/2012 | Jonas | 2011 | 1 | Associate | Organizing documents for supplemental disclosure; review/organizing case emails; reading RAPS analytics proposal; creating spreadsheet of recordings to date and agendas to submit to the gov't; meeting with TR, MAI, EHA re. today's 1-on-1s with Monica Opitz and Debbie Sather; discussed path forward re. setting up email to Debbie that shows pts did not have conditions submitted by DxID | 6.5 | Phase 3 |
| 1/7/2013 | Jonas | 2011 | 2 | Associate | Circulating PowerPoint presentation, working on PowerPoint for next weeks meetings; forwarding and explaining new documents to team members (DxID spreadsheet of code submissions) | 7.9 | Phase 3 |
| 1/8/2013 | Jonas | 2011 | 2 | Associate | Review of transcripts; incorporating highlights; review/organizing new medical records | 6.9 | Phase 3 |
| 1/9/2013 | Jonas | 2011 | 2 | Associate | Reading pt medical records - selecting the most probative to circulate to the team; review of transcripts - pulling quotes for use in gov't presentation. | 5.9 | Phase 3 |
| 1/13/2013 | McCormack | 2001 | 12 | Partner | Travel to Buffalo; meet with Relator, Mary Inman, Marie Jonas and Brian Melber to prepare for meeting with Government. | 12.4 | Phase 3 |
| 1/14/2013 | Jonas | 2011 | 2 | Associate | Meetings with gov't; preparation of documents for the following day; wrap up meeting with MAI, TPM, TR to review plans for the next day | 7.9 | Phase 3 |
| 1/15/2013 | McCormack | 2001 | 12 | Partner | Prepare for and participate in meeting with Government; return to DC. | 10.8 | Phase 3 |
| 1/17/2013 | Jonas | 2011 | 2 | Associate | Email Kirin Hage recordings spreadsheet; watched CY 2011 CMS Risk Adjustment Data Validation Overview; edited notes from government meetings; put together a to-do list | 7.5 | Phase 3 |
| 1/23/2013 | Jonas | 2011 | 2 | Associate | Circulating documents from TR to the team; emails responding to old MI issue; call with TR to discuss Old MI meeting with Debbie Sather; Call with TR and TPM to discuss prioritized list of employees; email to MAI and TPM re: taping opportunity Friday; continued drafting background/interview questions for DxID employees | 5.4 | Phase 3 |
| 1/24/2013 | Jonas | 2011 | 2 | Associate | Drafting questions for witnesses/current employees at GHC; review of DxID presentation on Old MI; research into Old MI coding from EKG | 6.6 | Phase 3 |
| 1/25/2013 | Jonas | 2011 | 2 | Associate | Drafting questions for witnesses/current employees at GHC; call with Kirin Hage, MAI, TR re CMS presentation, use of 5 MR; call w/ MAI and TR to discuss today's taping opportunity; email to KH with info about Old MI | 8.4 | Phase 3 |
| 1/28/2013 | Jonas | 2011 | 2 | Associate | Drafting/editing current employee interview questions; call with TR, MAI to discuss taping opporunities 1/29 | 8.4 | Phase 3 |
| 2/13/2013 | Figueira | 2011 | 2 | Associate | Research RA regs on acceptable providers & medical necessity; status mtg w/ TPM; organize findings | 6.8 | Phase 3 |

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. G

| DATE | NAME | LAW SCHOOL GRAD OR P&C START YEAR | EXPERIENCE | POSITION | DESCRIPTION | HOURS | PHASE |
|------|------|-----------------------------------|------------|----------|-------------|-------|-------|
| 2/19/2013 | Jonas | 2011 | 2 | Associate | Drafting a document request for GHC to send to gov't - sent to MAI; review of questions for witnesses - incorporating exhibit numbers; messages to client re. meeting time; email correspondence with MAI re. draft questions | 6.5 | Phase 3 |
| 2/20/2013 | Jonas | 2011 | 2 | Associate | Email of exhibits to government team; call with gov't team, MAI to review; research into new potential interview subjects; draft of new questions | 7.9 | Phase 3 |
| 2/21/2013 | Jonas | 2011 | 2 | Associate | Research locations of former employees; draft witness questions and backgrounds | 7.2 | Phase 3 |
| 3/25/2013 | Jonas | 2011 | 2 | Associate | Drafting a backgroudn for Ric Magnuson, organized and attached documents to use in the interview - reviewed evidence to identify relevant materials; emailed updated background, questions, exhibits to MAI | 5.8 | Phase 3 |
| 4/4/2013 | Jonas | 2011 | 2 | Associate | email to Peggy glynn and Kirin Hage regarding update to consentual recordings spreadsheet; update consentual spreadsheet, other spreadsheets of recordings, to reflect status of each recording (Veritext final/sent for revew); update of folder structure to use in document review; meeting with MAI to discuss keywords, iConect folders | 6.7 | Phase 3 |
| 4/5/2013 | Jonas | 2011 | 2 | Associate | Update presentation on Cognisight/GRIPA, meeting with MAI, TPM, EHA, JLA, and GMC re. search terms, folder structure, and Cognisight; email to TPM and MAI re. Coding Clinic, coding standards for pathology v. radiology. (6) | 6.6 | Phase 3 |
| 4/12/2013 | Jonas | 2011 | 2 | Associate | Update to IH questions re. Cognisight; email to MAI with questions; | 5.6 | Phase 3 |
| 6/25/2013 | Jonas | 2011 | 2 | Associate | download of files received from Kirin Hage on TEC Stanwood; email to MAI regarding their sucessful download; quick review of files to ensure they were downloaded sucessfully | 5.0 | Phase 3 |
| 6/26/2013 | McCormack | 2001 | 12 | Partner | Research and draft letter concerning coding clinic and chronic conditions; teleconference with Mary Inman concerning case status. | 6.3 | Phase 3 |
| 1/24/2014 | Jonas | 2011 | 3 | Associate | Emailed with TR regarding documents to provide to filter attorneys, met with JAL to strategize/design spreadsheet for privilege comparison, call with James Haddow to discuss action items for production; meeting with MAI to go over items | 6.6 | Phase 3 |
| 1/24/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | Conference with M. Jonas regarding comparison of PMH privilege log and GHC privilege log; update chart tracking same; draft memo regarding procedures for same per M. Jonas's request | 6.1 | Phase 3 |
| 1/27/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | Review and evaluate PowerPoint presentations for documents claimed potentially privileged by GHC; update memo of regarding privilege log comparison project; conference with M. Jonas regarding same | 5.3 | Phase 3 |
| 2/10/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | Update GHC Document Index; conference with M. Jonas regarding same; compile and prepare documents from M. Inman's inbox for T. Ross; conference with S. Duck regarding same; prepare  cover letter for same | 5.2 | Phase 3 |

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. G

| DATE | NAME | LAW SCHOOL GRAD OR P&C START YEAR | EXPERIENCE | POSITION | DESCRIPTION | HOURS | PHASE |
|---|---|---|---|---|---|---|---|
| 6/12/2014 | Jonas | 2011 | 3 | Associate | Document review; circulated draft presentation re. Kaiser RRG development | 6.1 | Phase 3 |
| 6/13/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | Review and evaluate database for access to DXID documents; compile and prepare batch exports of entire GHC database per M. Jonas's request | 6.3 | Phase 3 |
| 6/17/2014 | Jonas | 2011 | 3 | Associate | Call with Kirin Hage, MAI re status update on Magnuson interview, overview of CMS policy opinions on Problem Lists; Analysis of audit data to assess percentage of error rate attributable to PL as opposed to other errors; call with TR to update on status of Magnuson, set up additional time to meet; AC priv research re. overwithholding;  email to Jim Haddow re. status of transcript recordings | 6.8 | Phase 3 |
| 6/23/2014 | Stabile | 2013 | 1 | Associate | populating spreadsheet on witnesses; doc review | 5.1 | Phase 3 |
| 6/24/2014 | Jonas | 2011 | 3 | Associate | Identified large documents in the database to segragate from searches; analyzed data to compile error rate by HCC, compared to DxID revenue | 6.0 | Phase 3 |
| 7/8/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | Conference with M. Inman, M. Jonas, and E. Stabile regarding preparing for additional DxID witness interviews; review and evaluate documents in database | 5.9 | Phase 3 |
| 7/9/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | Compile and prepare documents compiled for M. Opitz, P. Anunsen, D. Rappe, and S. Tarnoff into binders per M. Inman's request; prepare PowerPoint attachments to same; prepare e-mail to V. Aguilar of Altep regarding blow backs of same; review and evaluate folders in iConect; organize same | 6.3 | Phase 3 |
| 7/11/2014 | Stabile | 2013 | 1 | Associate | doc review for witness binders; discussing hot docs w/ Jonah and Mary | 5.3 | Phase 3 |
| 7/14/2014 | Lalas | 2012 | 2 | Associate | Look at the hot documents; research the location and contact information of 5 potential government witnesses that appeared in hot docs. | 5.3 | Phase 3 |
| 7/14/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | Update production log; prepare exports of newly uploaded batches GHC031-GHC034; prepare e-mail to M. Jonas, E. Stabile, and J. Lalas regarding same; compile and prepare binder of selected Kaiser RRG PowerPoint presentations and cover emails per M. Jonas's request | 5.6 | Phase 3 |
| 7/15/2014 | Stabile | 2013 | 1 | Associate | doc review for witness binders; discussing case projects w/ Jonah , reviewing ppt for gov presentation | 7.1 | Phase 3 |
| 7/16/2014 | Jonas | 2011 | 3 | Associate | Call with Government re presentation for RRG files; emailed review of outstanding deliverables; document review; email to Peggy Glynn re. binder delivery | 7.1 | Phase 3 |
| 7/16/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | Compile and prepare exports of B. Gaffney email productions; prepare e-mail to V. Aguilar regarding quote for processing same; attend telephone conference regarding Kaiser RRG presentation with government team; compile and prepare binder of Kaiser RRG presentation materials and underlying emails per M. Inman's request; update Rider and Saur folders per E. Stabile's request; prepare e-mail to P. Glynn regarding binder and disk; revised PowerPoint presentation per M. Inman's request | 5.9 | Phase 3 |

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. G

| DATE | NAME | LAW SCHOOL GRAD OR P&C START YEAR | EXPERIENCE | POSITION | DESCRIPTION | HOURS | PHASE |
|---|---|---|---|---|---|---|---|
| 7/17/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | Conduct search for DxID Audit trail spreadsheets; conduct search for metadata requested by K. Hage per M. Inman's request; update M. Inman's Kaiser RRG binder; review and evaluate documents in iConect database | 5.3 | Phase 3 |
| 7/18/2014 | Stabile | 2013 | 1 | Associate | phonecall w/ relator, marie, janice, jonah; doc review | 7.1 | Phase 3 |
| 8/4/2014 | Jonas | 2011 | 3 | Associate | Document review; analysis of addendum forms - presented addendum project to Stephanie; review of Excel files to locate audit trails | 6.1 | Phase 3 |
| 8/4/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | Prepare exports of addendum forms from iConect per M. Jonas's request; compile and prepare same into folders | 5.9 | Phase 3 |
| 8/6/2014 | Jonas | 2011 | 3 | Associate | Document review; email MAI response to estimated timeline for binders | 5.0 | Phase 3 |
| 8/8/2014 | Jonas | 2011 | 3 | Associate | Follow-up email to MAI re. GHP/GHC relationship; document review (BG documents) | 8.5 | Phase 3 |
| 8/11/2014 | Jonas | 2011 | 3 | Associate | Document review, meeting with EAS to discuss document review; review of the SD addendum sheet | 5.9 | Phase 3 |
| 9/23/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | De-dupe G. Coughlin documents per E. Stabile's request; compile and prepare exports of data and images for witness binders; organize and prepare same for binder print; conference with E. Stabile regarding text and data files tagged for D. Saur; convert native files into .pdfs | 6.4 | Phase 3 |
| 10/2/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | compile and prepare witness interview documents for M. Faso and R. Tracy; prepare e-mail to V. Aguilar of Altep regarding print and binder project of same | 5.2 | Phase 3 |
| 11/12/2014 | Stabile | 2013 | 1 | Associate | sending research to Kirin; witness binder doc review | 7.1 | Phase 3 |
| 11/13/2014 | Stabile | 2013 | 1 | Associate | gathering documents re nurse metrics review reports generated by dxid; doc review for witness binders | 6.9 | Phase 3 |
| 11/17/2014 | Stabile | 2013 | 1 | Associate | doc review for gaffney witness binder; discussing hot docs call w/ mary and ari | 6.7 | Phase 3 |
| 11/25/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | Compile and prepare version of document production log sorted by defendants; create pivot table summarizing page counts produced by defendants' per M. Inman's request; prepare e-mail to M. Inman, T. McCormack, E. Stabile, A. Yampolsky, and G. Collins regarding same; prepare index of nurse reviewer metrics reports; prepare e-mail to E. Stabile regarding same; attend hot documents telephone conference; compile and prepare index of DxId clients per M. Inman's request; conduct research regarding same; update index of nurse reviewers per E. Stabile's request | 5.4 | Phase 3 |
| 12/3/2014 | LeBon | 2011 | 3 | Paralegal/Clerk | Analyze nurse reviewer metrics reports for differences; update index regarding same; review GHC database for updates; prepare e-mail to M. Inman, E. Stabile, and A. Yampolsky regarding same; analyze highest and lowest performers for GHC 2010 and GHC 2011 audit efforts; prepare chart regarding same; prepare e-mail to M. Inman, E. Stabile, and A. Yampolsky attaching same | 6.1 | Phase 3 |
| 1/27/2015 | LeBon | 2011 | 4 | Paralegal/Clerk | Compile and prepare SNR Denton documents into Concordance database; summarize same in spreadsheet per M. Inman's request | 5.2 | Phase 3 |

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. G

| DATE | NAME | LAW SCHOOL GRAD OR P&C START YEAR | EXPERIENCE | POSITION | DESCRIPTION | HOURS | PHASE |
|------|------|------|------|------|------|------|------|
| 12/16/2015 | Stabile | 2013 | 2 | Associate | reading through transcripts of audio recordings for anything on Mike Faso or Bob Tracy; constructing search terms for Faso and Tracy | 5.1 | Phase 3 |
| 1/14/2016 | Stabile | 2013 | 3 | Associate | mike faso doc review ; trying to locate d&t docs in the database | 7.8 | Phase 3 |
| 1/15/2016 | Stabile | 2013 | 3 | Associate | mike faso doc review; making faso outline | 6.8 | Phase 3 |
| 1/21/2016 | Stabile | 2013 | 3 | Associate | mike faso document review and outline; case status call with Tim, Molly, Rosie. | 5.9 | Phase 3 |
| 2/11/2016 | Stabile | 2013 | 3 | Associate | bob tracy doc review and witness outline; discussing printing of docs from iconect w/ megan | 7.3 | Phase 3 |
| 2/16/2016 | Stabile | 2013 | 3 | Associate | bob tracy outline; discussing w/megan about organizing documents from outline and uploading to workshare | 5.1 | Phase 3 |
| 12/10/2019 | Stabile | 2013 | 6 | Associate | discussing redrafting of reply to motion to dismiss with Steve; redrafting 9(b) section of motion to dismiss reply | 6.8 | Phase 4 |
| 12/11/2019 | Hasegawa | 1998 | 21 | Partner | Research and draft opposition to DxID and IH motion to dismiss; correspondence re same | 8.8 | Phase 4 |
| 12/11/2019 | Stabile | 2013 | 6 | Associate | redrafting Interpretive guidance section of reply to DxID's motion to dismiss; reading Steve's circulated draft of reply | 8.6 | Phase 4 |

# EXHIBIT H

efile Public Visual Render | ObjectId: 202413199349305676 - Submission: 2024-11-14 | TIN: 16-1080163

Form **990**

Department of the Treasury
Internal Revenue Service

## Return of Organization Exempt From Income Tax

Under section 501(c), 527, or 4947(a)(1) of the Internal Revenue Code (except private foundations)

Do not enter social security numbers on this form as it may be made public.

Go to **www.irs.gov/Form990** for instructions and the latest information.

OMB No. 1545-0047

**2023**

Open to Public Inspection

**A** For the 2023 calendar year, or tax year beginning 01-01-2023 , and ending 12-31-2023

**B** Check if applicable:
- ☐ Address change
- ☐ Name change
- ☐ Initial return
- ☐ Final return/terminated
- ☐ Amended return
- ☐ Application pending

**C** Name of organization
INDEPENDENT HEALTH ASSOCIATION INC

Doing business as

Number and street (or P.O. box if mail is not delivered to street address) Room/suite
511 FARBER LAKES DRIVE

City or town, state or province, country, and ZIP or foreign postal code
BUFFALO, NY 14221

**D** Employer identification number
16-1080163

**E** Telephone number
(716) 631-3001

**G** Gross receipts $ 2,027,004,816

**F** Name and address of principal officer:
MICHAEL W CROPP MD
511 FARBER LAKES DRIVE
BUFFALO, NY 14221

**H(a)** Is this a group return for subordinates? ☐ Yes ☑ No
**H(b)** Are all subordinates included? ☐ Yes ☐ No
If "No," attach a list. See instructions.
**H(c)** Group exemption number

**I** Tax-exempt status: ☐ 501(c)(3) ☑ 501(c) ( 4 ) (insert no.) ☐ 4947(a)(1) or ☐ 527

**J** Website: WWW.INDEPENDENTHEALTH.COM

**K** Form of organization: ☑ Corporation ☐ Trust ☐ Association ☐ Other
**L** Year of formation: 1980
**M** State of legal domicile: NY

### Part I Summary

**1** Briefly describe the organization's mission or most significant activities:
PROVIDE HEALTH-RELATED PRODUCTS AND SERVICES THAT ENABLE AFFORDABLE ACCESS TO QUALITY HEALTH CARE.

**2** Check this box ☐

| | | | |
|---|---|---|---:|
| **3** Number of voting members of the governing body (Part VI, line 1a) | | **3** | 15 |
| **4** Number of independent voting members of the governing body (Part VI, line 1b) | | **4** | 14 |
| **5** Total number of individuals employed in calendar year 2023 (Part V, line 2a) | | **5** | 1,476 |
| **6** Total number of volunteers (estimate if necessary) | | **6** | 344 |
| **7a** Total unrelated business revenue from Part VIII, column (C), line 12 | | **7a** | 0 |
| **b** Net unrelated business taxable income from Form 990-T, Part I, line 11 | | **7b** | 0 |

| | Prior Year | Current Year |
|---|---:|---:|
| **8** Contributions and grants (Part VIII, line 1h) | 0 | 0 |
| **9** Program service revenue (Part VIII, line 2g) | 1,563,806,495 | 1,595,103,340 |
| **10** Investment income (Part VIII, column (A), lines 3, 4, and 7d) | 8,035,183 | 4,776,817 |
| **11** Other revenue (Part VIII, column (A), lines 5, 6d, 8c, 9c, 10c, and 11e) | 429,498 | 538,143 |
| **12** Total revenue—add lines 8 through 11 (must equal Part VIII, column (A), line 12) | 1,572,271,176 | 1,600,418,300 |
| **13** Grants and similar amounts paid (Part IX, column (A), lines 1–3 ) | 2,489,100 | 4,588,733 |
| **14** Benefits paid to or for members (Part IX, column (A), line 4) | 1,351,805,706 | 1,455,999,102 |
| **15** Salaries, other compensation, employee benefits (Part IX, column (A), lines 5–10) | 83,093,699 | 93,907,275 |
| **16a** Professional fundraising fees (Part IX, column (A), line 11e) | 0 | 0 |
| **b** Total fundraising expenses (Part IX, column (D), line 25) 0 | | |
| **17** Other expenses (Part IX, column (A), lines 11a–11d, 11f–24e) | 121,289,337 | 121,707,425 |
| **18** Total expenses. Add lines 13–17 (must equal Part IX, column (A), line 25) | 1,558,677,842 | 1,676,202,535 |
| **19** Revenue less expenses. Subtract line 18 from line 12 | 13,593,334 | -75,784,235 |

| | Beginning of Current Year | End of Year |
|---|---:|---:|
| **20** Total assets (Part X, line 16) | 920,173,815 | 840,495,742 |
| **21** Total liabilities (Part X, line 26) | 414,595,830 | 382,413,621 |
| **22** Net assets or fund balances. Subtract line 21 from line 20 | 505,577,985 | 458,082,121 |

### Part II Signature Block

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than officer) is based on all information of which preparer has any knowledge.

**b** If "Yes," did the organization follow a written policy or procedure requiring the organization to evaluate its participation in joint venture arrangements under applicable federal tax law, and take steps to safeguard the organization's exempt status with respect to such arrangements? . . . . . . . . . | **16b** | | No |

### Section C. Disclosure

**17** List the states with which a copy of this Form 990 is required to be filed

NY

**18** Section 6104 requires an organization to make its Form 1023 (1024 or 1024-A, if applicable), 990, and 990-T (section 501(c)(3)s only) available for public inspection. Indicate how you made these available. Check all that apply.

☐ Own website ☐ Another's website ☑ Upon request ☐ Other (explain in Schedule O)

**19** Describe in Schedule O whether (and if so, how) the organization made its governing documents, conflict of interest policy, and financial statements available to the public during the tax year.

**20** State the name, address, and telephone number of the person who possesses the organization's books and records:

JARED GROSS  511 FARBER LAKES DRIVE  BUFFALO, NY 14221  (716) 631-3001

Form **990** (2023)

---

Form 990 (2023)                                      Page **7**

**Part VII** **Compensation of Officers, Directors, Trustees, Key Employees, Highest Compensated Employees, and Independent Contractors**

Check if Schedule O contains a response or note to any line in this Part VII . . . . . . . . . . . . ☐

### Section A. Officers, Directors, Trustees, Key Employees, and Highest Compensated Employees

**1a** Complete this table for all persons required to be listed. Report compensation for the calendar year ending with or within the organization's tax year.

● List all of the organization's **current** officers, directors, trustees (whether individuals or organizations), regardless of amount of compensation. Enter -0- in columns (D), (E), and (F) if no compensation was paid.

● List all of the organization's **current** key employees, if any. See the instructions for definition of "key employee."

● List the organization's five **current** highest compensated employees (other than an officer, director, trustee or key employee) who received reportable compensation (box 5 of Form W-2, box 6 of Form 1099-MISC, and/or box 1 of Form 1099-NEC) of more than $100,000 from the organization and any related organizations.

● List all of the organization's **former** officers, key employees, or highest compensated employees who received more than $100,000 of reportable compensation from the organization and any related organizations.

● List all of the organization's **former directors or trustees** that received, in the capacity as a former director or trustee of the organization, more than $10,000 of reportable compensation from the organization and any related organizations.

See the instructions for the order in which to list the persons above.

☐ Check this box if neither the organization nor any related organization compensated any current officer, director, or trustee.

| (A) Name and title | (B) Average hours per week (list any hours for related organizations below dotted line) | (C) Position (do not check more than one box, unless person is both an officer and a director/trustee) | | | | | | (D) Reportable compensation from the organization (W-2/1099-MISC/1099-NEC) | (E) Reportable compensation from related organizations (W-2/1099-MISC/1099-NEC) | (F) Estimated amount of other compensation from the organization and related organizations |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Individual trustee or director | Institutional Trustee | Officer | Key employee | Highest compensated employee | Former | | | |
| (1) MICHAEL CROPP MD<br>PRESIDENT & CEO | 32.00<br>19.00 | X | | X | | | | 1,955,270 | 0 | 640,981 |
| (2) KATHLEEN MYLOTTE MD<br>CHAIRPERSON | 10.00<br>0.00 | X | | X | | | | 106,100 | 0 | 0 |
| (3) DANIEL B WEINTRAUB CPA<br>BOARD MEMBER | 5.00<br>2.00 | X | | | | | | 70,500 | 0 | 7,449 |
| (4) ANTHONY J BAYNES<br>BOARD MEMBER | 5.00<br>0.00 | X | | | | | | 54,500 | 0 | 10,682 |
| (5) DANIEL GAGLIARDO<br>BOARD MEMBER | 5.00<br>1.00 | X | | | | | | 48,500 | 0 | 10,682 |
| (6) DONALD K BOSWELL<br>VICE CHAIRPERSON | 5.00<br>0.00 | X | | X | | | | 58,500 | 0 | 411 |
| (7) PATRICIA SMITH<br>BOARD MEMBER | 5.00<br>0.00 | X | | | | | | 56,500 | 0 | 411 |

| (A) Name and title | (B) | (C) | | | | | | | (D) | (E) | (F) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| (8) LISA MENDONZA MD | 5.00 | | | X | | | | | 44,500 | 0 | 10,682 |
| BOARD MEMBER | 0.00 | | | | | | | | | | |
| (9) DAVID PAWLOWSKI MD | 5.00 | | | X | | | | | 42,500 | 0 | 10,682 |
| BOARD MEMBER | 0.00 | | | | | | | | | | |
| (10) FUAD SHERIFF MD | 5.00 | | | X | | | | | 44,500 | 0 | 7,449 |
| BOARD MEMBER | 0.00 | | | | | | | | | | |
| (11) GERARD T MAZURKIEWICZ CPA | 5.00 | | | X | | | | | 49,500 | 0 | 411 |
| BOARD MEMBER | 0.00 | | | | | | | | | | |
| (12) DAVID J MCNAMARA ESQ | 5.00 | | | X | | | | | 47,500 | 0 | 0 |
| BOARD MEMBER | 0.00 | | | | | | | | | | |
| (13) YVONNE S MINOR-RAGAN PHD | 5.00 | | | X | | | | | 46,500 | 0 | 411 |
| BOARD MEMBER | 2.00 | | | | | | | | | | |
| (14) PAMELA D REED MD | 5.00 | | | X | | | | | 46,500 | 0 | 411 |
| BOARD MEMBER | 0.00 | | | | | | | | | | |
| (15) MANSI DEMIA | 5.00 | | | X | | | | | 44,500 | 0 | 0 |
| BOARD MEMBER | 0.00 | | | | | | | | | | |
| (16) THOMAS J FOELS MD | 5.00 | | | X | | | | | 44,500 | 0 | 0 |
| BOARD MEMBER | 0.00 | | | | | | | | | | |
| (17) COLLEEN C DIPIRRO | 5.00 | | | X | | | | | 1,200 | 0 | 1,780 |
| BOARD MEMBER (END 04/23) | 1.00 | | | | | | | | | | |

Form **990** (2023)

Form 990 (2023)                                                                                                          Page **8**

Part VII    **Section A. Officers, Directors, Trustees, Key Employees, and Highest Compensated Employees** *(continued)*

| (A) Name and title | (B) Average hours per week (list any hours for related organizations below dotted line) | (C) Position (do not check more than one box, unless person is both an officer and a director/trustee) | | | | | | (D) Reportable compensation from the organization (W-2/1099-MISC/1099-NEC) | (E) Reportable compensation from related organizations (W-2/1099-MISC/1099-NEC) | (F) Estimated amount of other compensation from the organization and related organizations |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Individual trustee or director | Institutional Trustee | Officer | Key employee | Highest compensated employee | Former | | | |
| (18) ANTHONY BILLITTIER | 21.00 | | | X | | | | 999,731 | 0 | 280,787 |
| EVP - CHF MEDICAL OFCR | 20.00 | | | | | | | | | |
| (19) JAMES DUNLOP | 36.00 | | | X | | | | 813,448 | 0 | 314,422 |
| TREASURER & EVP CFO | 16.00 | | | | | | | | | |
| (20) JOHN MINEO | 8.00 | | | X | | | | 1,054,444 | 0 | 25,280 |
| SEC - EVP GEN COUNSEL (END 04/23) | 6.00 | | | | | | | | | |
| (21) KENNETH SODARO | 17.00 | | | X | | | | 254,269 | 0 | 45,159 |
| SEC -EVP GENERAL COUNSEL (BEG 05/23) | 10.00 | | | | | | | | | |
| (22) NICOLE BRITTON | 32.00 | | | X | | | | 206,419 | 0 | 31,865 |
| VP - CHF COMPLIANCE OFCR | 11.00 | | | | | | | | | |
| (23) JOHN REID RODGERS | 33.00 | | | | | X | | 988,928 | 0 | 455,333 |
| EVP - COO | 16.00 | | | | | | | | | |
| (24) PATRICIA C CLABEAUX | 27.00 | | | | | X | | 611,877 | 0 | 241,218 |
| EVP - CHF HR OFCR | 18.00 | | | | | | | | | |
| (25) ERIC J DECKER | 32.00 | | | | | X | | 533,987 | 0 | 125,336 |
| SVP - INFORMATION TECHNOLOGY CIO | 14.00 | | | | | | | | | |
| (26) ROBERTA D RIFKIN | 27.00 | | | | | X | | 457,493 | 0 | 172,967 |

| (A) Name and Title | Hours | | | Officer | Key employee | Highest comp | Former | Reportable comp (org) | | Other comp |
|---|---|---|---|---|---|---|---|---|---|---|
| SVP-GOVT AFFAIRS & STRAT PRTNRSHPS | 17.00 | | | | | | | | | |
| (27) MARGARET STEFFAN | 31.00 | | | X | | | | 436,765 | 0 | 183,993 |
| SVP - FINANCE & CAO | 20.00 | | | | | | | | | |
| (28) RICHARD M ARGENTIERI | 31.00 | | | X | | | | 437,677 | 0 | 147,552 |
| SVP - CHF SALES & MARKT OFCR | 16.00 | | | | | | | | | |
| (29) CHERYL FRIEDMAN | 37.00 | | | X | | | | 456,773 | 0 | 67,786 |
| SVP - HEALTH CARE SERVICES | 20.00 | | | | | | | | | |
| (30) AMIN M SEREHALI | 36.00 | | | X | | | | 419,165 | 0 | 77,814 |
| SVP - CHF DATA & ANALYTICS OFCR | 13.00 | | | | | | | | | |
| (31) MIKE REILLY | 27.00 | | | X | | | | 427,500 | 0 | 57,000 |
| SVP-CHF HEALTHCARE INNV & STRAT. OFCR | 19.00 | | | | | | | | | |
| (32) ANNE O'NEILL | 32.00 | | | X | | | | 337,485 | 0 | 146,559 |
| SVP - CHF RISK OFCR | 12.00 | | | | | | | | | |
| (33) ANTHONY MONTAGNA | 29.00 | | | X | | | | 354,945 | 0 | 122,733 |
| SVP - CHF NETWORK OFCR | 20.00 | | | | | | | | | |
| (34) ROBERT TRACY | 33.00 | | | X | | | | 351,867 | 0 | 81,583 |
| SVP - GOVT PROGRAMS | 12.00 | | | | | | | | | |
| (35) DAVID SHUTE | 32.00 | | | X | | | | 356,102 | 0 | 68,124 |
| SVP - OPERATIONS | 10.00 | | | | | | | | | |
| (36) DAVE MIKA | 30.00 | | | X | | | | 302,956 | 0 | 58,259 |
| SVP -BUSINESS OPERATIONS (BEG 05/23) | 16.00 | | | | | | | | | |
| (37) PETER GHIL | 43.00 | | | X | | | | 287,477 | 0 | 42,426 |
| SVP - CHF ACTUARIAL OFCR (BEG 04/23) | 18.00 | | | | | | | | | |
| (38) GEORGE WANDS | 31.00 | | | X | | | | 206,750 | 0 | 40,594 |
| VP - CHF AUDIT OFCR | 11.00 | | | | | | | | | |
| (39) TIMOTHY HALEY | 10.00 | | | | | X | | 368,287 | 0 | 43,271 |
| MED DIR MED POLICY & UM | 32.00 | | | | | | | | | |
| (40) DEIDRE WHEAT | 19.00 | | | | | X | | 356,468 | 0 | 48,240 |
| MED DIR QUALITY DISEASE POP HEALTH | 29.00 | | | | | | | | | |
| (41) JONATHAN BUROW | 31.00 | | | | | X | | 310,411 | 0 | 42,028 |
| VP - CUST EXP & DIGITAL | 16.00 | | | | | | | | | |
| (42) JOSHUA ZALEN | 29.00 | | | | | X | | 305,366 | 0 | 41,377 |
| VP - IT SERVICE OPERATIONS | 26.00 | | | | | | | | | |
| (43) JENNIFER WALSH | 10.00 | | | | | X | | 301,859 | 0 | 15,815 |
| ASSOCIATED MED DIR UM | 30.00 | | | | | | | | | |
| (44) MARK I JOHNSON | 7.00 | | | | | | X | 227,630 | 0 | 18 |
| FORMER OFFICER (END 05/18) | 4.00 | | | | | | | | | |

**1b Sub-Total** . . . . . . . . . .

   **c Total from continuation sheets to Part VII, Section A** . .

   **d Total (add lines 1b and 1c)** . . . . . . . . . | 14,927,649 | 0 | 3,679,570

**2**   Total number of individuals (including but not limited to those listed above) who received more than $100,000 of reportable compensation from the organization  357

| | | Yes | No |
|---|---|---|---|
| **3** | Did the organization list any *former* officer, director or trustee, key employee, or highest compensated employee on line 1a? *If "Yes," complete Schedule J for such individual* . . . . . . . . . . . . . . . **3** | Yes | |
| **4** | For any individual listed on line 1a, is the sum of reportable compensation and other compensation from the organization and related organizations greater than $150,000? *If "Yes," complete Schedule J for such individual* . . . . . . . . . . . . . . . . . . . **4** | Yes | |
| **5** | Did any person listed on line 1a receive or accrue compensation from any unrelated organization or individual for services rendered to the organization? *If "Yes," complete Schedule J for such person* . . . . . . . . **5** | | No |

## Section B. Independent Contractors

**1**   Complete this table for your five highest compensated independent contractors that received more than $100,000 of compensation from the organization. Report compensation for the calendar year ending with or within the organization's tax year.

| (A) Name and business address | (B) Description of services | (C) Compensation |
|---|---|---|
| INDEPENDENT PRACTICE ASSOCIATION OF WNY<br><br>511 FARBER LAKES DRIVE<br>BUFFALO, NY  14221 | MEDICAL & PHARMACY BENEFIT SERVICES | 937,147,789 |
| LIBERTY DENTAL NEW YORK IPA LLC<br><br>340 COMMERCE STE 100<br>IRVINE, CA  92602 | DENTAL BENEFITS COMPANY | 22,461,488 |

# EXHIBIT I



*ELM Solutions*

# 2024 Real Rate Report®

The industry's leading analysis of law firm rates, trends, and practices



# A Letter to Our Readers

**Welcome to the latest edition of Wolters Kluwer ELM Solutions Real Rate Report®, the industry's leading data-driven benchmark report for lawyer and paralegal rates.**

Our Real Rate Report has been a relied upon data analytics resource to the legal industry since its inception in 2010 and continues to evolve, providing you with the most comprehensive rate benchmarking insights, trends, and practices. The Real Rate Report is powered by the Wolters Kluwer ELM Solutions LegalVIEW® data warehouse, which has grown to include $180B+ in anonymized legal data.

The depth and granularity of the data within the Real Rate Report empowers users to benchmark and negotiate effectively and make well-informed investment and resourcing decisions for the organization.

As with previous Real Rate Reports, our data is sourced from corporations' and law firms' e-billing and time management solutions. We have included lawyer and paralegal rate data filtered by specific practice and sub-practice areas, metropolitan areas, and types of matters. This level of detail gives legal departments and law firms the precision they need to identify areas of opportunity. We strive to make the Real Rate Report a valuable and actionable reference tool for legal departments and law firms.

As always, we welcome your comments and suggestions on what information would make this publication more valuable to you. We thank our data contributors for participating in this program. And we thank you for making Wolters Kluwer ELM Solutions your trusted partner for legal industry domain expertise, data, and analytics and look forward to continuing to provide market-leading, expert solutions that deliver the best business outcomes for collaboration among legal departments and law firms.

Sincerely,

**Brian Jorgenson**
Vice President, Product Management
Wolters Kluwer ELM Solutions

# Report Use Considerations

**2024 Real Rate Report**
- Examines law firm rates over time
- Identifies rates by location, experience, firm size, areas of expertise, industry, and timekeeper role (i.e., partner, associate, and paralegal)
- Itemizes variables that drive rates up or down

All the analyses included in the report derive from the actual rates charged by law firm professionals as recorded on invoices submitted and approved for payment.

Examining real, approved rate information, along with the ranges of those rates and their changes over time, highlights the role these variables play in driving aggregate legal cost and income. The analyses can energize questions for both corporate clients and law firm principals.

Legal departments might ask whether they are paying the right amount for different types of legal services, while law firm principals might ask whether they are charging the right amount for legal services and whether to modify their pricing approach.

**Some key factors[1] that drive rates[2]:**

**Attorney location -** Lawyers in urban and major metropolitan areas tend to charge more when compared with lawyers in rural areas or small towns.

**Litigation complexity -** The cost of representation will be higher if the case is particularly complex or time-consuming; for example, if there are a large number of documents to review, many witnesses to depose, and numerous procedural steps, the case is likely to cost more (regardless of other factors like the lawyer's level of experience).

**Years of experience and reputation -** A more experienced, higher-profile lawyer is often going to charge more, but absorbing this higher cost at the outset may make more sense than hiring a less expensive lawyer who will likely take time and billable hours to come up to speed on unfamiliar legal and procedural issues.

**Overhead -** The costs associated with the firm's support network (paralegals, clerks, and assistants), document preparation, consultants, research, and other expenses.

**Firm size –** The rates can increase if the firm is large and has various timekeeper roles at the firm. For example, the cost to work with an associate or partner at a larger firm will be higher compared to a firm that has one to two associates and a paralegal.

---

1 **David Goguen, J.D., University of San Francisco School of Law (2020) Guide to Legal Services Billing Retrieved from:**
https://www.lawyers.com/legal-info/research/guide-to-legal-services-billing-rates.html
2 **Source:  2018 RRR.** Factor order validated in multiple analyses since 2010

# Section I: High-Level Data Cuts

## Cities
By Matter Type

**2024 - Real Rates for Associate and Partner**                                    **Trend Analysis - Mean**

| City | Matter Type | Role | n | First Quartile | Median | Third Quartile | 2024 | 2023 | 2022 |
|------|-------------|------|---|----------------|--------|----------------|------|------|------|
| **Washington DC** | **Litigation** | Partner | 593 | $770 | $995 | $1,250 | $1,017 | $964 | $912 |
| | | Associate | 560 | $540 | $730 | $874 | $725 | $671 | $632 |
| | **Non-Litigation** | Partner | 1,063 | $735 | $950 | $1,272 | $1,030 | $989 | $924 |
| | | Associate | 895 | $520 | $728 | $950 | $740 | $681 | $641 |

# Appendix: Data Methodology

## Invoice Information

Data in Wolters Kluwer ELM Solutions' reference database and in the 2024 Real Rate Report were taken from invoice line-item entries contained in invoices received and approved by participating companies.

Invoice data were received in the Legal Electronic Data Exchange Standard (LEDES) format (LEDES.org). The following information was extracted from those invoices and their line items:

- Law firm (which exists as a random number in the ELM Solutions reference database)

- Timekeeper ID (which exists as a random number in the ELM Solutions reference database)

- Matter ID (which exists as a random number in the ELM Solutions reference database)

- Timekeeper's position (role) within the law firm (partner, associate, paralegal, etc.)

- Uniform Task-Based Management System Code Set, Task Codes, and Activity Codes (UTBMS.com)

- Date of service

- Hours billed

- Hourly rate billed

- Fees billed

## Non-Invoice Information

To capture practice area details, the matter ID within each invoice was associated with matter profiles containing areas of work in the systems of each company. The areas of work were then systematically categorized into legal practice areas. Normalization of practice areas was done based on company mappings to system-level practice areas available in the ELM Solutions system and by naming convention.

The majority of analyses included in this report have been mapped to one of 12 practice areas, further divided into sub-areas and litigation/non-litigation.

To capture location and jurisdiction details, law firms and timekeepers were systematically mapped to the existing profiles within ELM Solutions systems, as well as with publicly available data sources for further validation and normalization. Where city location information is provided, it includes any address within that city's defined Core-Based Statistical Area (CBSA) as defined by the Office of Management and Budget (OMB). The CBSAs are urban centers with populations of 10,000 or more and include all adjacent counties that are economically integrated with that urban center.

Where the analyses focus on partners, associates, and paralegals, the underlying data occasionally included some sub-roles, such as "senior partner" or "junior associate." In such instances, those timekeeper sub-roles were placed within the broader partner, associate, and paralegal segments.

Demographics regarding law firm size, location, and lawyer years of experience were augmented by incorporating publicly available information.

# Appendix: Data Methodology

**Anonymization of the Dataset**

Prior to inclusion in the ELM Solutions reference database, we systematically scrubbed the data of any information that would identify a particular matter, company, law firm, invoice, or timekeeper (individual). To ensure relationships necessary for analysis, those variables were assigned randomly generated numbers. To maintain data integrity and allow for proper analysis, these numbers are linked across data tables to enforce their associations.

To further ensure anonymity and confidentiality:

· The information is published in such a manner as to make it reasonably impervious to reverse analysis should some attempt be made to determine what data might pertain to any company, law firm, timekeeper, invoice, or matter.

· The 2024 Real Rate Report will not reveal which ELM Solutions client or clients are included or excluded in its analyses.

· Clients are not and will not be informed as to whether their data are included within a particular facet of analysis.

· No textual description of any legal work performed by any individual exists in the ELM Solutions reference database.

**A Note on Insurance Litigation**

Our aim is to provide a point of comparison for companies purchasing law firm services. To improve comparability, we removed data related to insurance company defense litigation for all analyses unless noted otherwise. Insurance litigation tends to be less expensive than other types of litigation, as it is typically more repetitive and less complex.

**"Real Rate" Definition**

The information in this report consists of data taken from client invoices submitted by law firms for work performed from 7/1/2020 through 6/30/2024. All Invoices were submitted through the ELM billing systems.

The analyses contained in this report are derived from aggregating hours, fees, and rates submitted as line items on those invoices. For a line item to qualify for inclusion in this report, it had to undergo multiple and rigorous testing processes to ensure its validity.

For example, for a rate to be loaded to the ELM Solutions reference database and used in this report, it must have been part of an invoice line entry in which all of the following items were included:

· Name of the biller
· Role of the biller
· Date of activity
· Hourly rate charged
· Time charged
· UTBMS code associated with the time charged
· Total amount charged for the activity

In addition, each line item's hourly rate was validated against its "real rate" (calculated by dividing the total amount charged for the activity by the time charged). Any line items with an hourly rate that did not align closely with the real rate were not loaded to the reference database.

Real Rate = Line Item Total/Line Item Hours (Units)
Example: $4,000/10 Hours = Real Rate of $400

Adjustments the client made to line item amounts subsequent to submission are not factored into the dataset. These types of adjustments may impact the effective rate paid by the client to the law firm but do not reflect the real rate billed.

# Appendix: Data Methodology

In short, the real rate is the rate appearing on an approved invoice at the invoice line item level.

Aggregations of data taken from millions of these line item–level invoice entries are the core of the information analyzed.

### A Note on Negotiated Rates and Billing

Practices law firms can generally follow vary for submitting "negotiated" rates on invoices. Firms may submit the negotiated rate as the hourly rate identified on the invoice line item, insert a vendor line item adjustment to ensure compliance, or provide a vendor invoice level adjustment to bring the total amount of the fees into compliance with agreed-on discounts. Although the former two are considered part of the real rate calculation, the latter can be problematic. It is not directly linked to a line item, and therefore, for the purposes of determining the rate, it should not be assumed that the adjustment is related to a specific line item. Invoice-level adjustments may represent a credit or some other type of adjustment placed on the invoice. To ensure these types of adjustments would not adversely impact the analysis contained within the 2024 Real Rate Report, the team reviewed the population of invoices and line items to determine what the deviation of the real rate might be based on inclusion or exclusion. The analysis demonstrated that the variance was not significant (less than 1%).

As such, we decided not to include the vendor-level adjustments in the report.

### Types of Matters Included in the Analysis

Matters within the ELM Solutions system are associated with areas of work described and defined by ELM Solutions clients. Those areas of work were analyzed and systematically categorized into legal practice areas. Normalization of practice areas was supported by mappings to system-level practice areas available in the ELM Solutions system and by naming convention.

All data included within this report have been mapped to a corresponding practice area. The majority of our analyses focus on the following 12 practice areas:

- Bankruptcy and Collections
- Commercial
- Corporate
- Employment and Labor
- Environmental
- Finance and Securities
- General Liability
- Government Relations
- Insurance Defense
- Intellectual Property
- Marketing and Advertising
- Real Estate

Within each client's areas of work, sub-areas are often identified. The lists that follow identify client areas of work and, within those areas, the sub-areas underneath each practice area. Often, the same sub-area appears within different practice areas.  For example, the sub-area "General/Other" when listed under "Commercial and Contracts" refers to general work provided regarding Commercial and Contracts matters. When listed under the "Employment and Labor" practice area, the same sub-area refers to work provided on Employment and Labor. Where applicable and practicable, each area and sub-area has been further subdivided into litigation and non-litigation work for the purposes of granular analysis.

# EXHIBIT J

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. J

| DATE | NAME | LAW SCHOOL GRAD OR P&C START YEAR | EXPERIENCE | POSITION | POSITION2 | DESCRIPTION | HOURS | PHASE |
|---|---|---|---|---|---|---|---|---|
| 1/15/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Edit and revise motion for fees, memorandum in support, Hasegawa declaration, and exhibits thereto, and communication with M. Voldman re same | 1.8 | Phase 4 |
| 1/20/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Suggested edits to Friedman declaration (formatting) and notice of motion and correspondence with M. Voldman re same | 0.6 | Phase 4 |
| 1/21/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Revise draft brief and declarations in support thereof; correspondence with M. Voldman re same | 1.7 | Phase 4 |
| 1/22/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Revise papers re motion and memo for payment of attorneys' fees and correspondence with J. Friedman re declaration in support thereof | 1.2 | Phase 4 |
| 2/18/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Communications with M. Voldman re V. Doyle request for extension | 0.2 | Phase 4 |
| 2/28/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Correspondence with M. Voldman re V. Doyle briefing schedule request | 0.2 | Phase 4 |
| 3/12/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Correspondence with M. Voldman re request for additional pages | 0.4 | Phase 4 |
| 3/12/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Draft letter brief re non-opposition to overlong brief and request for reciprocal page enlargement | 0.8 | Phase 4 |
| 3/12/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Correspondence with V. Doyle re seal request | 0.2 | Phase 4 |
| 3/17/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Review cases cited in Defendants' opposition to motion for payment of attorneys' fees and supplemental legal research re response to same | 3.8 | Phase 4 |
| 3/17/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Review and annotate Defendants' opposition to motion for payment of attorneys fees and supporting documents | 2.7 | Phase 4 |
| 3/18/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Legal research re reply in support of motion for payment of fees | 1.7 | Phase 4 |
| 3/19/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Draft and file letter brief re non-opposition to motion to seal | 0.8 | Phase 4 |
| 3/19/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Research and draft reply re motion for payment of attorneys' fees | 8.3 | Phase 4 |
| 3/20/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Research and draft reply in support of motion for payment of attorneys' fees | 7.7 | Phase 4 |
| 3/21/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Correspondence with M. Voldman re and draft reply re motion for payment of attorneys' fees | 0.4 | Phase 4 |
| 3/21/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Research and draft reply re motion for payment of attorneys' fees | 4.6 | Phase 4 |
| 3/25/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Draft letter brief re enlargement of page limits for reply brief | 0.7 | Phase 4 |
| 3/26/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Review additional case law re fee application and revise reply brief re same | 4.5 | Phase 4 |
| 3/27/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Correspondence with M. Voldman re preparation of spreadsheets re reply in support of motion for payment of attorneys' fees | 0.7 | Phase 4 |
| 3/27/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Gather exhibits and prepare supporting spreadsheets re reply in support of motion for payment of attorneys' fees | 2.7 | Phase 4 |
| 3/28/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Draft declaration in support of reply brief and gather exhibits re same | 1.2 | Phase 4 |
| 4/2/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Review cases cited in reply brief and revise brief re same | 2.2 | Phase 4 |
| 4/2/2025 | Hasegawa | 1998 | 27 | Partner | Partner | Research and draft declaration supporting reply briefs and instructions for use of spreadsheet regarding all disputes over rates and amounts | 4.5 | Phase 4 |

# EXHIBIT K

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. K

| Timekeeper | Position | Law School Graduation or Legal Position Start Date | Years of Experience at Time of Billing | Plaintiff Proposal P&C Current Rate | IH Alleged Current and Historical Rates Alleged DC Current Rate (Dkt. 201-1, Ex. D) | Alleged WDNY Top Current Rate (Dkt. 201-2, ¶ 36-37, 39) | Alleged Current WDNY Rate (Dkt. 201-1, Ex. D) | Alleged DC 2015 Historical Rate (Dkt. 201-1, Ex. C) | Alleged Historical WDNY Rate (Dkt. 201-1, Ex. C) | Court-Adopted Rate |
|---|---|---|---|---|---|---|---|---|---|---|
| **Partners** | | | | | | | | | | |
| **Hasegawa, Stephen** | | | | | | | | | | |
| | Partner | 1998 | 18-27 | 1110 | 819 | 600 | 450 | 500 | 300 | |
| **Inman, Mary** | | | | | | | | | | |
| | Partner | 1994 | 18-21 | 1110 | | 600 | 450 | 533 | 300 | |
| **McCormack, Tim** | | | | | | | | | | |
| | Partner | 2001 | 11-14 | 1110 | | 600 | | 471 | 300 | |
| **Stabile, Emily** | | | | | | | | | | |
| | Partner | 2013 | 10-12 | 860 | 669 | 600 | 450 | | | |
| **Associates** | (By Experience) | | | | | | | | | |
| | Associate - 11 | | 11 | 860 | | 400 | | 471 | 200 | |
| | Associate - 10 | | 10 | 810 | 655 | 400 | 300 | | | |
| | Associate - 9 | | 9 | 760 | 640 | 400 | 300 | | | |
| | Associate - 8 | | 8 | 730 | 625 | 400 | 300 | | | |
| | Associate - 7 | | 7 | 700 | 608 | 400 | 300 | | | |
| | Associate - 6 | | 6 | 680 | 592 | 400 | 300 | 360 | 200 | |
| | Associate - 5 | | 5 | 650 | | 400 | | 360 | 200 | |
| | Associate - 4 | | 4 | 620 | | 400 | | 346 | 130 | |
| | Associate - 3 | | 3 | 590 | | 400 | | 331/315 | 130 | |
| | Associate - 2 | | 2 | 570 | | 400 | | 315/300 | 130 | |
| | Associate - 1 | | 0-1 | 540 | | 400 | | 300/283 | 130 | |
| **Litigation Support Staff** | | | | | | | | | | |
| **Budetti, TJ** | | | | | | | | | | |
| | Paralegal/Clerk | 2017 | 3 | 225 | 236 | 140 | 120 | | | |
| **DeFrancesco, Diana** | | | | | | | | | | |
| | Paralegal/Clerk | 2000 | 19 | 380 | 236 | 140 | 120 | | | |

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. K

| Timekeeper | Position | Law School Graduation or Legal Position Start Date | Years of Experience at Time of Billing | Plaintiff Proposal | IH Alleged Current and Historical Rates | | | | | Court-Adopted Rate |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | P&C Current Rate | Alleged DC Current Rate (Dkt. 201-1, Ex. D) | Alleged WDNY Top Current Rate (Dkt. 201-2, ¶ 36-37, 39) | Alleged Current WDNY Rate (Dkt. 201-1, Ex. D) | Alleged DC 2015 Historical Rate (Dkt. 201-1, Ex. C) | Alleged Historical WDNY Rate (Dkt. 201-1, Ex. C) | |
| **Kelly, Janice** | | | | | | | | | | |
| | Research Librarian | 1996 | 16-18 | 300 | | 140 | | 150 | 75 | |
| **King, Phoebe** | | | | | | | | | | |
| | Paralegal/Clerk | 2012 | 1 | 270 | | 140 | | 150 | 75 | |
| **LeBon, Janice** | | | | | | | | | | |
| | Paralegal/Clerk | 2011 | 4-5 | 300 | | 140 | | 150 | 75 | |
| | Paralegal/Clerk | 2011 | 2-3 | 270 | | 140 | | 150 | 75 | |
| **Zengel, Christine** | | | | | | | | | | |
| | Paralegal/Clerk | 2011 | 1 | 270 | | 140 | | 150 | 75 | |

# EXHIBIT L

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. L

| Timekeeper | Position | Law School Graduation or Legal Position Start Date | Years of Experience at Time of Billing | Plaintiff Proposal | IH Alleged Current and Historical Rates | | | | | Court-Adopted Rate |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | CC Sought Rate | Alleged DC Current Rate (Dkt. 201-1, Ex. D) | Alleged WDNY Top Current Rate (Dkt. 201-2, ¶ 36-37, 39) | Alleged Current WDNY Rate (Dkt. 201-1, Ex. D) | Alleged DC 2015 Historical Rate (Dkt. 201-1, Ex. C) | Alleged Historical WDNY Rate (Dkt. 201-1, Ex. C) | |
| **Partners** | | | | | | | | | | |
| **Inman, Mary** | | | | | | | | | | |
| | Partner | 1994 | 21-26 | 1450 | 843 | 600 | 450 | 533 | 300 | |
| **Ronickher, Mike** | | | | | | | | | | |
| | Counsel/Partner | 2008 | 9-16 | 850-1200 | 722 | 600 | 450 | 414 | 300 | |
| **McCormack, Tim** | | | | | | | | | | |
| | Partner | 2001 | 14-16 | 1050-1100 | | 600 | | 471 | 300 | |
| **Associates** | **(By Experience)** | | | | | | | | | |
| | Associate - 10 | | 10 | 750 | 640 | 400 | 300 | | | |
| | Associate - 9 | | 9 | 750 | 640 | 400 | 300 | | | |
| | Associate - 8 | | 8 | 725 | 640 | 400 | 300 | | | |
| | Associate - 7 | | 7 | 725 | | 400 | 300 | | | |
| | Associate - 6 | | 6 | 675/700 | 608 | 400 | 300 | 360 | 200 | |
| | Associate - 5 | | 5 | 675/700 | | 400 | | 360 | 200 | |
| | Associate - 4 | | 4 | 650 | | 400 | | 346 | 130 | |
| | Associate - 3 | | 3 | 550 | | 400 | | 315/300 | 130 | |
| | Associate - 2 | | 2 | 550 | | 400 | | 315/300 | 130 | |
| **Staff Attorney** | | | | | | | | | | |
| Samantar, Osob | | 2013 | 5 | 500 | | 400 | | 350 | 200 | |
| **Litigation Support Staff** | | | | | | | | | | |
| **Broadman, Catie** | | | | | | | | | | |
| | Litigation Support | | | 450 | | 140 | | 150 | 75 | |
| **Bradford, Jenna** | | | | | | | | | | |
| | Litigation Support | | | 425 | 236 | 140 | 120 | 150 | 75 | |
| **Kelly, Janice** | | | | | | | | | | |
| | Research Librarian | | | 450 | 236 | 140 | 120 | 150 | 75 | |

US ex rel. Ross v. Independent Health

Hasegawa Decl. Ex. L

| Timekeeper | Position | Law School Graduation or Legal Position Start Date | Years of Experience at Time of Billing | Plaintiff Proposal | IH Alleged Current and Historical Rates | | | | | Court-Adopted Rate |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | CC Sought Rate | Alleged DC Current Rate (Dkt. 201-1, Ex. D) | Alleged WDNY Top Current Rate (Dkt. 201-2, ¶ 36-37, 39) | Alleged Current WDNY Rate (Dkt. 201-1, Ex. D) | Alleged DC 2015 Historical Rate (Dkt. 201-1, Ex. C) | Alleged Historical WDNY Rate (Dkt. 201-1, Ex. C) | |
| **Lebon, Janice** | | | | | | | | | | |
| | Paralegal/Clerk | | | 450 | | 140 | | 150 | 75 | |
| **Nguyen-Huynh, Tuan** | | | | | | | | | | |
| | Litigation Support Lead | | | 425/625 | | 140 | | 150 | 75 | |
| **O'Keefe, Patricia** | | | | | | | | | | |
| | Paralegal/Clerk | | | 450 | 236 | 140 | 120 | | | |
| **Tan, Catherine** | | | | | | | | | | |
| | Litigation Support | | | 450 | | 140 | | 150 | 75 | |
| **Williamson, Ashley** | | | | | | | | | | |
| | Paralegal/Clerk | | | 210 | | 140 | | 150 | 75 | |
| **Yang, Karen** | | | | | | | | | | |
| | Paralegal/Clerk | | | 460 | 236 | 140 | 120 | 150 | 75 | |

# EXHIBIT M

US ex rel. Ross v. Independent Health

Hasegawa Decl. Ex. M

| Timekeeper | Position | Law School Graduation or Legal Position Start Date | Years of Experience at Time of Billing | Plaintiff Proposal | IH Alleged Current and Historical Rates | | | | | Court-Adopted Rate |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | WP Sought Rate | Alleged DC Current Rate (Dkt. 201-1, Ex. D) | Alleged WDNY Top Current Rate (Dkt. 201-2, ¶ 36-37, 39) | Alleged Current WDNY Rate (Dkt. 201-1, Ex. D) | Alleged DC 2015 Historical Rate (Dkt. 201-1, Ex. C) | Alleged Historical WDNY Rate (Dkt. 201-1, Ex. C) | |
| **Partners** | | | | | | | | | | |
| **Ronickher, Mike** | | | | | | | | | | |
| | Partner | 2008 | 17 | 1050 | 746 | 600 | 450 | | | |
| | | | | | | | | | | |
| **Voldman, Max** | | | | | | | | | | |
| | Partner | 2014 | 11 | 935 | 669 | 600 | 450 | | | |
| **Litigation Support Staff** | | | | | | | | | | |
| **Yang, Karen** | | | | | | | | | | |
| | Paralegal | | | 460 | 236 | 120 | 120 | | | |

# EXHIBIT N

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. N

| Timekeeper | Position | Challenged  Hours Within Position Category | iH Argument Source | Hours | Challenged Hours Excluded by Court | Hours Allowed by Court or Not Challenged | Court-Allowed Rate (from Exs. K-M) | Allowed Fee (Rate * Allowed Hours) |
|---|---|---|---|---|---|---|---|---|
| **Attorneys** | | | | | | | | |
| **Arens, Edward** | | | | **73.40** | | | | |
| | Associate - 5 | Total Hours as Associate- 5 | Dkt. 191-1, Ex. C | 1.90 | | | | |
| | | *Challenged as "Vague"* | Dkt. 201 at 23-24 | 0.60 | | | | |
| | | Arens Associate - 5 Hours Allowed | | | | 1.90 | | |
| | Associate - 4 | Total Hours as Associate - 4 | Dkt. 191-1, Ex. C | 71.50 | | | | |
| | | *Less Withdrawn 1/2 Travel Time* | Dkt. 201-1, Ex. J | 61.00 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 21.10 | | | | |
| | | *Challenged as "Vague"* | Dkt. 201 at 23-24 | 3.00 | | | | |
| | | *Challenged as "Overbilled/Inconsistent"* | Dkt. 201 at 26-27 | 5.60 | | | | |
| | | Arens Associate - 4 Hours Allowed | | | | 61.00 | | |
| **Collins, George** | | | | **23.70** | | | | |
| | Associate - 2 | Total Hours as Associate - 2 | Dkt. 191-1, Ex. C | 12.80 | | | | |
| | | *(No  specific time entries challenged)* | | | | | | |
| | | Collins Associate - 2 Hours Not Challenged | | | | 12.80 | | |
| | Associate - 1 | Total Hours as Associate - 1 | Dkt. 191-1, Ex. C | 10.90 | | | | |
| | | *(No  specific time entries challenged)* | | | | | | |
| | | Collins Associate - 4 Hours Not Challenged | | | | 10.90 | | |
| **Michael Dorsi** | | | | **56.50** | | | | |
| | Associate - 1 | Total Hours as Associate - 1 | Dkt. 191-1, Ex. C | 56.50 | | | | |
| | | *(No  specific time entries challenged)* | | | | | | |
| | | Dorsi Associate - 1 Hours Not Challenged | | | | 56.50 | | |
| **Figueira, Julie** | | | | **20.20** | | | | |
| | Associate - 2 | Total Hours as Associate - 2 | Dkt. 191-1, Ex. C | 15.70 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 6.80 | | | | |
| | | Figueira Associate - 2 Hours Allowed | | | | 15.70 | | |
| | Associate - 1 | Total Hours as Associate - 1 | Dkt. 191-1, Ex. C | 4.50 | | | | |
| | | *(No  specific time entries challenged)* | | | | | | |

Case 1:12-cv-00299-WMS    Document 209-1    Filed 04/07/25    Page 46 of 54
US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. N

| Timekeeper | Position | Challenged Hours Within Position Category | iH Argument Source | Hours | Challenged Hours Excluded by Court | Hours Allowed by Court or Not Challenged | Court-Allowed Rate (from Exs. K-M) | Allowed Fee (Rate * Allowed Hours) |
|---|---|---|---|---|---|---|---|---|
| | | Figueira Associate - 1 Hours Not Challenged | | | | 4.50 | | |
| | | | | | | | | |
| **Griffin, Rosie** | | | | **778.75** | | | | |
| | Associate - 6 | Total Hours as Associate - 6 | Dkt. 191-2, Ex. A | 158.75 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 56.00 | | | | |
| | | *Challenged as "Overbilled/Inconsistent"* | Dkt. 201 at 26-27 | 1.00 | | | | |
| | | *Challenged as "Vague"* | Dkt. 201 at 23-24 | 1.00 | | | | |
| | | Griffin Associate - 6 Hours Allowed | | | | 158.75 | | |
| | Associate - 5 | Total Hours as Associate - 5 | Dkt. 191-2, Ex. A | 250.75 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 60.25 | | | | |
| | | Griffin Associate - 5 Hours Allowed | | | | 250.75 | | |
| | | | | | | | | |
| | Associate - 4 | Total Hours as Associate - 4 | Dkt. 191-2, Ex. A | 147.75 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 47.00 | | | | |
| | | *Challenged as "Overbilled/Inconsistent"* | Dkt. 201 at 26-27 | 0.50 | | | | |
| | | Griffin Associate - 4 Hours Allowed | | | | 147.75 | | |
| | | | | | | | | |
| | Associate - 3 | Total Hours as Associate - 3 | Dkt. 191-2, Ex. A | 204.25 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 58.25 | | | | |
| | | *Challenged as "Vague"* | Dkt. 201 at 23-24 | 30.25 | | | | |
| | | Griffin Associate - 3 Hours Allowed | | | | 204.25 | | |
| | | | | | | | | |
| | Associate - 2 | Total Hours as Associate - 2 | Dkt. 191-2, Ex. A | 17.25 | | | | |
| | | *Allegedly Excessive Document Review* | Dkt. 201-1, Ex. H | 2.25 | | | | |
| | | Griffin Associate- 2 Hours Allowed | | | | 17.25 | | |
| | | | | | | | | |
| **Hasegawa, Stephen** | | | | **119.60** | | | | |
| | Partner | Total Hours in Original Submission | Dkt. 191-1, Ex. C | 119.60 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 8.80 | | | | |
| | | Hasegawa Partner Hours Allowed | | | | 119.60 | | |
| | | | | | | | | |
| | | Additional Hours in Reply Submission (Hasegawa Ex. J) | | 53.60 | | | | |
| | | Additional Hasegawa Hours Allowed | | | | 53.60 | | |
| **Inman, Mary** | | | | **585.20** | | | | |

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. N

| Timekeeper | Position | Challenged Hours Within Position Category | iH Argument Source | Hours | Challenged Hours Excluded by Court | Hours Allowed by Court or Not Challenged | Court-Allowed Rate (from Exs. K-M) | Allowed Fee (Rate * Allowed Hours) |
|---|---|---|---|---|---|---|---|---|
| | Partner- PC | Total Hours | Dkt. 191-1, Ex. C | 536.20 | | | | |
| | | *Less Withdrawn 1/2 Travel Time* | Dkt. 201-1, Ex. J | 528.50 | | | | |
| | | *(No other specific time entries challenged)* | | | | | | |
| | | Inman Partner Hours Not Challenged | | | | 528.50 | | |
| | Partner- CC | Total Hours | Dkt. 191-2, Ex. A | 49.00 | | | | |
| | | *(No other specific time entries challenged)* | | | | | | |
| | | Inman CC Partner Hours Not Challenged | | | | 49.00 | | |
| **Jonas, Marie** | | | | **953.60** | | | | |
| | Associate - 3 | Total Hours | Dkt. 191-1, Ex. C | 257.80 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 58.10 | | | | |
| | | *Allegedly Excessive Document Review* | Dkt. 201-1, Ex. H | 117.40 | | | | |
| | | Jonas Associate - 3 Hours Allowed | | | | 257.80 | | |
| | Associate - 2 | Total Hours | Dkt. 191-1, Ex. C | 332.10 | | | | |
| | | *Less Withdrawn 1/2 Travel Time* | Dkt. 201-1, Ex. J | 328.00 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 116.20 | | | | |
| | | *Allegedly Excessive Document Review* | Dkt. 201-1, Ex. H | 0.60 | | | | |
| | | *Challenged as "Overbilled/Inconsistent"* | Dkt. 201 at 26-27 | 9.20 | | | | |
| | | Jonas Associate - 2 Hours Allowed | | | | 328.00 | | |
| | Associate - 1 | Total Hours | Dkt. 191-1, Ex. C | 363.70 | | | | |
| | | *Less Withdrawn 1/2 Travel Time* | Dkt. 201-1, Ex. J | 352.80 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 82.45 | | | | |
| | | *Challenged as "Vague"* | Dkt. 201 at 23-24 | 38.30 | | | | |
| | | *Challenged as "Overbilled/Inconsistent"* | Dkt. 201 at 26-27 | 2.80 | | | | |
| | | Jonas Associate - 1 Hours Allowed | | | | 352.80 | | |
| **Knobler, Molly** | | | | **163.25** | | | | |
| | Associate - 6 | Total Hours as Associate - 6 | Dkt. 191-2, Ex. A | 10.75 | | | | |
| | | *(No other specific time entries challenged)* | | | | | | |
| | | Knobler Associate - 6 Hours Not Challenged | | | | 10.75 | | |
| | Associate - 5 | Total Hours as Associate - 5 | Dkt. 191-2, Ex. A | 89.00 | | | | |

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. N

| Timekeeper | Position | Challenged  Hours Within Position Category | iH Argument Source | Hours | Challenged Hours Excluded by Court | Hours Allowed by Court or Not Challenged | Court-Allowed Rate (from Exs. K-M) | Allowed Fee (Rate * Allowed Hours) |
|---|---|---|---|---|---|---|---|---|
| | | *Less Withdrawn 1/2 Travel Time* | Dkt. 201-1, Ex. J | 82.25 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 13.50 | | | | |
| | | Knobler Associate - 5 Hours Allowed | | | | 82.25 | | |
| | Associate - 4 | Total Hours as Associate - 4 | Dkt. 191-2, Ex. A | 63.50 | | | | |
| | | *(No other specific time entries challenged)* | | | | | | |
| | | Knobler Associate - 4 Hours Not Challenged | | | | 63.50 | | |
| **Lalas, Jonah** | | | | **122.10** | | | | |
| | Associate - 2 | Total Hours | Dkt. 191-1, Ex. C | 122.10 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 5.30 | | | | |
| | | *Allegedly Excessive Document Review* | Dkt. 201-1, Ex. H | 16.30 | | | | |
| | | Lalas Associate - 2 Hours Allowed | | | | 122.10 | | |
| **McCormack, Tim** | | | | **353.25** | | | | |
| | Partner- PC | Total Hours | Dkt. 191-1, Ex. C | 114.80 | | | | |
| | | *Less Withdrawn 1/2 Travel Time* | Dkt. 201-1, Ex. J | 103.20 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 29.50 | | | | |
| | | *Allegedly Excessive Document Review* | Dkt. 201-1, Ex. H | 1.80 | | | | |
| | | McCormack PC Partner Hours Allowed | | | | 103.20 | | |
| | Partner- CC | Total Hours | Dkt. 191-2, Ex. A | 92.75 | | | | |
| | | *Less Withdrawn 1/2 Travel Time* | Dkt. 201-1, Ex. J | 91.05 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 28.25 | | | | |
| | | *Challenged as "Vague"* | Dkt. 201 at 23-24 | 0.75 | | | | |
| | | McCormack CC Partner Hours Allowed | | | | 91.05 | | |
| | Associate - 11 | Total Hours | Dkt. 191-1, Ex. C | 145.70 | | | | |
| | | *Less Withdrawn 1/2 Travel Time* | Dkt. 201-1, Ex. J | 116.80 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 70.80 | | | | |
| | | *Challenged as "Vague"* | Dkt. 201 at 23-24 | 0.90 | | | | |
| | | *Allegedly Excessive Document Review* | Dkt. 201-1, Ex. H | 5.60 | | | | |
| | | McCormack Associate - 11 Hours Allowed | | | | 116.80 | | |

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. N

| Timekeeper | Position | Challenged Hours Within Position Category | iH Argument Source | Hours | Challenged Hours Excluded by Court | Hours Allowed by Court or Not Challenged | Court-Allowed Rate (from Exs. K-M) | Allowed Fee (Rate * Allowed Hours) |
|---|---|---|---|---|---|---|---|---|
| **Ronickher, Mike** | | | | **440.50** | | | | |
| | Partner- WP | Total Hours as Partner- WP | Dkt. 191-2, Ex. B | 19.00 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Ronickher Partner- WP Hours Not Challenged | | | | 19.00 | | |
| | Partner- CC | Total Hours as Partner- CC | Dkt. 191-2, Ex. A | 421.50 | | | | |
| | | *Challenged as "Vague"* | Dkt. 201 at 23-24 | 1.00 | | | | |
| | | *Challenged as "Overbilled/Inconsistent"* | Dkt. 201 at 26-27 | 7.50 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 25.25 | | | | |
| | | Ronickher Partner- CC Hours Allowed | | | | 421.50 | | |
| **Samantar, Osob** | | | | **305.50** | | | | |
| | Staff Attorney | Total Hours | Dkt. 191-2, Ex. A | 305.50 | | | | |
| | | *Allegedly Excessive Document Review* | Dkt. 201-1, Ex. H | 305.50 | | | | |
| | | Samantar Staff Attorney Hours Allowed | | | | 305.50 | | |
| **Stabile, Emily** | | | | **815.20** | | | | |
| | Partner | Total Hours | Dkt. 191-1, Ex. C | 4.50 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Stabile Partner Hours Not Challenged | | | | 4.50 | | |
| | Associate - 10 | Total Hours | Dkt. 191-1, Ex. C | 0.70 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Stabile Associate - 10 Hours Not Challenged | | | | 0.70 | | |
| | Associate - 9 | Total Hours | Dkt. 191-1, Ex. C | 1.40 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Stabile Associate - 9 Hours Not Challenged | | | | 1.40 | | |
| | Associate - 8 | Total Hours | Dkt. 191-1, Ex. C | 6.20 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Stabile Associate - 8 Hours Not Challenged | | | | 6.20 | | |
| | Associate - 7 | Total Hours | Dkt. 191-1, Ex. C | 1.70 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. N

| Timekeeper | Position | Challenged Hours Within Position Category | iH Argument Source | Hours | Challenged Hours Excluded by Court | Hours Allowed by Court or Not Challenged | Court-Allowed Rate (from Exs. K-M) | Allowed Fee (Rate * Allowed Hours) |
|---|---|---|---|---|---|---|---|---|
| | | Stabile Associate - 7 Hours Not Challenged | | | | 1.70 | | |
| | Associate - 6 | Total Hours | Dkt. 191-1, Ex. C | 46.10 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 15.40 | | | | |
| | | Stabile Associate - 6 Hours Allowed | | | | 46.10 | | |
| | Associate - 3 | Total Hours | Dkt. 191-1, Ex. C | 169.20 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 32.90 | | | | |
| | | *Allegedly Excessive Document Review* | Dkt. 201-1, Ex. H | 94.80 | | | | |
| | | *Challenged as "Overbilled/Inconsistent"* | Dkt. 201 at 26-27 | 0.00 | | | | |
| | | Stabile Associate - 3 Hours Allowed | | | | 169.20 | | |
| | Associate - 2 | Total Hours | Dkt. 191-1, Ex. C | 106.40 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 5.10 | | | | |
| | | *Allegedly Excessive Document Review* | Dkt. 201-1, Ex. H | 17.30 | | | | |
| | | Stabile Associate - 2 Hours Allowed | | | | 106.40 | | |
| | Associate - 1 | Total Hours | Dkt. 191-1, Ex. C | 479.00 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 45.30 | | | | |
| | | *Challenged as "Vague"* | Dkt. 201 at 23-24 | 0.70 | | | | |
| | | *Allegedly Excessive Document Review* | Dkt. 201-1, Ex. H | 395.60 | | | | |
| | | Stabile Associate -1 Hours Allowed | | | | 479.00 | | |
| **Voldman, Max** | | | | **516.75** | | | | |
| | Partner-WP | Total Hours as Associate - 6 | Dkt. 191-2, Ex. B | 74.50 | | | | |
| | | *Challenged as "Vague"* | Dkt. 201 at 25-26 | 1.00 | | | | |
| | | Voldman Partner Hours Allowed | | | | 74.50 | | |
| | | Additional Hours in Reply Submission (Voldman Ex. D) | | 27.25 | | | | |
| | | Additional Voldman Hours Allowed | | | | 27.25 | | |
| | Associate - 10 | Total Hours as Associate - 10 | Dkt. 191-2, Ex. A | 6.25 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Voldman Associate - 10 Hours Not Challenged | | | | 6.25 | | |
| | Associate - 9 | Total Hours as Associate - 9 | Dkt. 191-2, Ex. A | 26.75 | | | | |

Case 1:12-cv-00299-WMS     Document 209-1     Filed 04/07/25     Page 51 of 54
US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. N

| Timekeeper | Position | Challenged Hours Within Position Category | iH Argument Source | Hours | Challenged Hours Excluded by Court | Hours Allowed by Court or Not Challenged | Court-Allowed Rate (from Exs. K-M) | Allowed Fee (Rate * Allowed Hours) |
|---|---|---|---|---|---|---|---|---|
| | | *(No specific time entries challenged)* | | | | | | |
| | | Voldman Associate - 9 Hours Not Challenged | | | | 26.75 | | |
| | Associate - 8 | Total Hours as Associate - 8 | Dkt. 191-2, Ex. A | 3.25 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Voldman Associate - 8 Hours Not Challenged | | | | 3.25 | | |
| | Associate - 7 | Total Hours as Associate - 7 | Dkt. 191-2, Ex. A | 50.50 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Voldman Associate- 7 Hours Not Challenged | | | | 50.50 | | |
| | Associate - 6 | Total Hours as Associate - 6 | Dkt. 191-2, Ex. A | 38.50 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 5.00 | | | | |
| | | Voldman Associate - 6 Hours Allowed | | | | 38.50 | | |
| | Associate - 5 | Total Hours as Associate - 5 | Dkt. 191-2, Ex. A | 130.75 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 5.00 | | | | |
| | | *Challenged as "Vague"* | Dkt. 201 at 23-24 | 0.50 | | | | |
| | | Voldman Associate - 5 Hours Allowed | | | | 130.75 | | |
| | Associate - 4 | Total Hours as Associate - 4 | Dkt. 191-2, Ex. A | 3.00 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Voldman Associate - 4 Hours Not Challenged | | | | 3.00 | | |
| | Associate - 3 | Total Hours as Associate - 3 | Dkt. 191-2, Ex. A | 37.75 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Voldman Associate - 3 Hours Not Challenged | | | | 37.75 | | |
| | Associate - 2 | Total Hours as Associate - 2 | Dkt. 191-2, Ex. A | 118.25 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 14.00 | | | | |
| | | *Challenged as "Vague"* | Dkt. 201 at 23-24 | 6.75 | | | | |
| | | Voldman Associate- 2 Hours Allowed | | | | 118.25 | | |
| **Yampolsky, Ari** | | | | **0.50** | | | | |
| | Associate - 2 | Total Hours | Dkt. 191-1, Ex. C | 0.50 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. N

| Timekeeper | Position | Challenged Hours Within Position Category | iH Argument Source | Hours | Challenged Hours Excluded by Court | Hours Allowed by Court or Not Challenged | Court-Allowed Rate (from Exs. K-M) | Allowed Fee (Rate * Allowed Hours) |
|---|---|---|---|---|---|---|---|---|
| | | Yampolsky Associate -2 Hours Allowed | | | | 0.50 | | |
| **Legal Support Staff** | | | | | | | | |
| **Boardman, Catie** | | | | **0.25** | | | | |
| | Litigation Support | Total Hours | Dkt. 191-2, Ex. A | 0.25 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Boardman Hours Not Challenged | | | | 0.25 | | |
| **Bradford, Jenna** | | | | **2.25** | | | | |
| | Litigation Support | Total Hours | Dkt. 191-2, Ex. A | 2.25 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Bradford Hours Not Challenged | | | | 2.25 | | |
| **Budetti, TJ** | | | | **0.40** | | | | |
| | Paralegal/Clerk | Total Hours | Dkt. 191-1, Ex. C | 0.40 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Budetti Hours Not Challenged | | | | 0.40 | | |
| **DeFrancesco, Diana** | | | | **3.90** | | | | |
| | Paralegal/Clerk | Total Hours | Dkt. 191-1, Ex. C | 3.90 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | DeFrancesco Hours Not Challenged | | | | 3.90 | | |
| **Kelly, Janice** | | | | **30.30** | | | | |
| | Research Librarian-PC | Total Hours | Dkt. 191-1, Ex. C | 20.80 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Kelly PC Hours Not Challenged | | | | 20.80 | | |
| | Research Librarian-CC | Total Hours | Dkt. 191-2, Ex. A | 9.50 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Kelly PC Hours Not Challenged | | | | 9.50 | | |
| **King, Phoebe** | | | | **11.00** | | | | |
| | Paralegal/Clerk | Total Hours | Dkt. 191-1, Ex. C | 11.00 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | King Hours Allowed | | | | 11.00 | | |

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. N

| Timekeeper | Position | Challenged Hours Within Position Category | iH Argument Source | Hours | Challenged Hours Excluded by Court | Hours Allowed by Court or Not Challenged | Court-Allowed Rate (from Exs. K-M) | Allowed Fee (Rate * Allowed Hours) |
|---|---|---|---|---|---|---|---|---|
| **LeBon, Janice** | | | | **368.60** | | | | |
| | Paralegal/Clerk PC | Total Hours | Dkt. 191-1, Ex. C | 322.90 | | | | |
| | | *Allegedly "Problematic" Block-Billing* | Dkt. 201 at 25-26 | 86.10 | | | | |
| | | LeBon Subtotal Hours Allowed | | | | 322.90 | | |
| | Paralegal/Clerk PC | Total Hours | Dkt. 191-1, Ex. C | 30.20 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | LeBon Subtotal Hours Allowed | | | | 30.20 | | |
| | Paralegal/Clerk CC | Total Hours | Dkt. 191-2, Ex. A | 15.50 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | LeBon CC Subtotal Hours Allowed | | | | 15.50 | | |
| **Nguyen-Huynh, Tuan** | | | | **0.50** | | | | |
| | Litigation Support Lead | Total Hours | Dkt. 191-2, Ex. A | 0.50 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Nguyen-Huynh Hours Not Challenged | | | | 0.50 | | |
| **O'Keefe, Patricia** | | | | **1.25** | | | | |
| | Paralegal/Clerk | Total Hours | Dkt. 191-2, Ex. A | 1.25 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | O'Keefe Hours Not Challenged | | | | 1.25 | | |
| **Tan, Catherine** | | | | **3.25** | | | | |
| | Litigation Support | Total Hours | Dkt. 191-2, Ex. A | 3.25 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Tan Hours Not Challenged | | | | 3.25 | | |
| **Williamson, Ashley** | | | | **8.50** | | | | |
| | Paralegal/Clerk | Total Hours | Dkt. 191-2, Ex. A | 8.50 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Williamson Hours Not Challenged | | | | 8.50 | | |
| **Yang, Karen** | | | | **71.75** | | | | |
| | Paralegal/Clerk WP | Total Hours | Dkt. 191-2, Ex. B | 5.25 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |

US ex rel. Ross v. Independent Health
Hasegawa Decl. Ex. N

| Timekeeper | Position | Challenged Hours Within Position Category | iH Argument Source | Hours | Challenged Hours Excluded by Court | Hours Allowed by Court or Not Challenged | Court-Allowed Rate (from Exs. K-M) | Allowed Fee (Rate * Allowed Hours) |
|---|---|---|---|---|---|---|---|---|
| | | Yang Hours Not Challenged | | | | 5.25 | | |
| | | Additional Hours in Reply Submission (Ex. D) | | 22.75 | | | | |
| | | Additional Yang Hours Allowed | | | | 22.75 | | |
| | Paralegal/Clerk CC | Total Hours | Dkt. 191-2, Ex. A | 43.75 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Yang Hours Not Challenged | | | | 43.75 | | |
| **Zengel, Christine** | | | | **21.30** | | | | |
| | Paralegal/Clerk | Total Hours | Dkt. 191-1, Ex. C | 21.30 | | | | |
| | | *(No specific time entries challenged)* | | | | | | |
| | | Zengel Hours Not Challenged | | | | 21.30 | | |
| **Subtotal** | | | | | | 5,822.70 | | |
| **Across-the-Board Percentage Reduction** | | | | | 0.00 | 5,822.70 | | |
| **GHC Settlement Offset** | | | | | | | $ | (504,798.27) |
| **Recoverable Fees Less GHC Settlement Offset** | | | | | | | | |